## MARY E. NASH *v.* ELIJAH YOUNG, Ex'r, &c.

WIDOW.—The husband has a right, by his last will and testament, to dispose of that portion of his estate which is by law exempt from execution; and if he do so, the widow, although no provision be made for her in the will, and she regularly renounce the same, will not be entitled to have that *specific* property distributed or set apart to her.

APPEAL from the Probate Court of Madison county. Hon. A. P. Hill, judge.

Mary E. Nash, the appellant, being the widow of Madison G. Nash, deceased, filed her petition in the court below, seeking to have set aside to her the real and personal estate of her late husband, which, by law, was exempt from execution in his lifetime. The court sustained her claim as to the personalty, and overruled it, as to real estate. From this decision she appealed, and the executor of her husband took a cross-appeal.

It appeared that Madison G. Nash, her late husband, made a last will and testament, which, after his death, was probated, by which he gave one half of all his estate to a sister, and the remainder to a nephew, making no provision whatever for the appellant. The widow renounced the will within the time prescribed by law, and afterwards filed her petition, as before stated.

*H. A. H. Lawson*, for appellant.

*D. Mayes*, for appellee.

PER CURIAM.—The only question of any importance in this case is, whether a widow is entitled to so much of the estate of her deceased husband as is exempt by law from execution, when the husband has disposed of the property by his will, and the widow has renounced the will.

The principle which settles this question was decided at the last term, in the case of *Turner* v. *Turner*, 30 Miss. R. 428. It is there held, that the right of the widow to such property exists by

descent or distribution, and that the statute never contemplated that the husband's right to dispose of it by will or otherwise should be interfered with; that her right is not absolute, but dependent upon her husband dying without making any disposition of the property. If, as in that case, provision be made for her in the will, she will be precluded of her general right of distribution of his estate, unless she renounce the will. But if no provision be made for her in the will, and she renounce, yet she will be entitled only to her share of the estate generally, and is not entitled to any specific part of it which has been disposed of by the will. Consequently, whether provision be made for her in the will or not, or whether she renounce the will or not, she will not be entitled to specific property of this description which is disposed of by the will.

The judgment below is in opposition to this view, and is reversed, and the cause remanded.