## J. J. MAYO v. E. F. CLANCY, ADMINISTRATRIX.

1. BILL OF REVIEW. *Error apparent. Newly discovered evidence.*

   A bill of review is not maintainable unless it points out errors on the face of the decree or is predicated on newly discovered evidence.

2. SAME. *Decedent's estate. Final settlement. Extraneous facts.*

   In determining whether there is error apparent in an administratrix's final settlement, the court cannot look beyond the decree and account, or, on demurrer, consider facts *aliunde* alleged in the bill of review.

3. SAME. *Land of decedent. Leasehold. Administratrix's rights.*

   If it appears from the account and decree that the administratrix put repairs on the decedent's land, and distributed the rents equally between the widow and heir, that is not error apparent, for the interest in the land may have been a chattel.

4. BILL TO IMPEACH DECREE. *Infant. Evidence aliunde.*

   Under Code 1871, § 1265, a party may, within a year after attaining majority, attack by original bill a decree rendered against him during minority by alleging error to be shown by evidence *aliunde.*

5. SAME. *Attitude of party more than a year after he is of age.*

   After the year he stands to the decree as if he was an adult when it was rendered, except that upon a charge of fraud and imposition in obtaining the decree the helplessness and inexperience of his infancy may be considered.

APPEAL from the Chancery Court of Holmes County.

Hon. R. W. WILLIAMSON, Chancellor.

*J. W. Jenkins*, for the appellant.

Under Code 1871, § 1265, the decree was not conclusive until one year after the appellant became of age, so that this bill was filed within the year required by Code 1871, § 1270. The latter section is however repealed, and Code 1871, § 2160, is now alone operative. The bill was therefore in time after the decree became final. Story Eq. Pl. § 408. Is there error apparent on the face of the record? Not only the decree but all the papers in the case may be examined in considering this question. Story Eq. Pl. § 407. The land went to the heir. Code 1857, p. 452, art. 110. Distributing the rent and making improvements was such error. If the decree violates a statute, it will be set aside on bill of review. Story Eq. Pl. § 405.

*Hooker & Groce*, for the appellee.

A bill of review will not lie to open an administration. Prior to the act of 1846, bills of review could not be entertained in the Probate Court. *Cowden* v. *Dobyns*, 5 S. & M. 82. They are of statutory origin in administration matters. The distinction between the equity and probate practice is preserved in the Chancery Court under Code 1871. *Troup* v. *Rice*, 49 Miss. 248. If that distinction is correct, a bill of review will not lie to set aside a decree made in the course of an administration. A minor's remedy is exclusively under Code 1871, § 1265, by which the bill can be filed only within a year after the decree sought to be reviewed. The present bill cannot be maintained under that statute, but the decree is binding and conclusive. There is no error apparent in the settlement, and the facts alleged *aliunde* cannot be considered. *Enochs* v. *Harrelson*, *ante*, 465. The decedent may not have owned a freehold estate in the land. *Webster* v. *Parker*, 42 Miss. 465. It must be presumed that the administratrix did her duty. The allegations of the bill are not admitted by the demurrer, which raises only the question of error apparent on the face of the record.

GEORGE, C. J., delivered the opinion of the court.

The appellant having first obtained leave of the Chancellor, filed his bill to review the final settlement of the administratrix of his father's estate. The account was audited and allowed in February, 1872. At that time the appellant was a minor. He arrived at majority on March 11, 1876, and in January, 1878, less than two years after he became *sui juris*, he filed this bill. A demurrer was sustained to the bill, and he appealed. Considered as a bill of review, it is not maintainable, because it does not point out errors apparent on the face of the decree predicated on newly discovered evidence.

The errors mainly relied on relate to certain credits allowed the administratrix for lumber and repairs on land, and to the division of the balance due on the final account equally between the appellant, who was the heir, and the appellee, who was the widow of the intestate. This balance is composed in part of various items of rent of land collected by the adminis-

tratrix, and as to these the appellant claims that he was entitled to two-thirds and the administratrix to only one-third. This would be true if the land was a freehold estate; but it does not appear but that it was leasehold, and hence there is no error apparent on the face of the decree or final account. For the same reason, it is not shown that the repairs on the land were beyond the power of the administratrix. It is true that, taking the facts stated in the bill as to the nature of the title to the land as true, the error would be shown. But, in determining whether there is error on the face of the account, we cannot look beyond the decree and the account. The new matter alleged in the bill cannot be considered.

If the bill is considered as an original bill to set aside the decree allowing the final account, it cannot be maintained for two reasons: First, it was not brought during the minority of the appellant, or within the one year allowed by Code 1871, § 1265, in which he could apply for a rehearing; second, being brought after the year, there is no allegation of fraud or collusion in obtaining the decree. Within the one year, he would have been allowed to attack the decree by merely alleging error in it, pointing it out, and offering to show it by evidence *aliunde.* After that time, he stood in exactly the same relation to the decree as if he had been an adult, except that in making out a charge of fraud and imposition in obtaining the decree, some consideration would be given to the helplessness of the infant arising from his nonage and want of experience.                      *Decree affirmed.*