THOMAS NORRIS ET AL. *v.* W. F. J. CALLAHAN, EXTR.

1. HOMESTEAD EXEMPTION. *Devise. Descent.*
   Under Code 1871, § 1956, an exemptionist may dispose by will of the homestead, which descends only in case of the owner's intestacy. *Turner* v. *Turner*, 30 Miss. 428; *Nash* v. *Young*, 31 Miss. 134, cited.

2. SAME. *Charging with debts. Construction of will.*
   Devise of a homestead exemption does not render it liable to the testator's debts; and general words in the will which by implication would charge the homestead are restricted by appropriating another fund to pay the debts.

3. CHANCERY PRACTICE. *Review of decree. Infants.*

    Error in a decree cannot be shown on exceptions to a report of sale thereunder; but minors have a remedy against such decree if prejudicial to their interests. *Sledge* v. *Boone*, 57 Miss. 222; *McLemore* v. *Chicago Railroad Co.*, 58 Miss. 514, cited.

APPEAL from the Chancery Court of Marshall County.

Hon. A. B. FLY, Chancellor.

The appellee, as executor of the will of the late J. C. Norris, petitioned for the sale of the land in controversy to pay the testator's debts on deficiency of personal estate and of other real estate. The will, which was exhibited with the petition as part thereof, is described in the opinion. A decree was made, which, reciting that, after notice to the legatees and answers by guardian *ad litem* of the minor defendants mentioned in the petition, all interested parties were legally before the court, directed that the executor should sell the land. When the executor reported his sale, the appellants (the minor and other defendants named in the petition) excepted to the confirmation, upon the ground that the land was the homestead of the testator at the time of his death, and descended free from his debts to the parties excepting, who were his children. On the agreed facts that these children of the testator have resided upon the land since his death and still have that home, that some of them are yet minors and that they are the testator's only heirs, and notwithstanding the admission that the purchaser had notice of the homestead claim, the Chancellor overruled the exceptions and confirmed the sale.

*Watson & Smith*, for the appellants.

1. Under Code 1871, § 1956, which omits the qualifying words " dying intestate," the homestead exemption descends to the children upon the death of the head of the family. The homestead, under the statute approved October 20, 1852, which contained the qualification (Acts 1852, p. 66), was subject to be devised. *Johnson* v. *Cooper*, 56 Miss. 608. But now it cannot be charged with debts, or devised for their payment. *Whitley* v. *Stephenson*, 38 Miss. 113 ; *Campbell* v. *Adair*, 45 Miss. 170 ; *Thoms* v. *Thoms*, 45 Miss. 263 ; *Parker* v. *Dean*, 45 Miss. 408 ; *Smith* v. *Wells*, 46 Miss. 64. This

construction has been given to statutes like our later ones by the courts of other States. *Brettun* v. *Fox*, 100 Mass. 234; Smyth on Homestead and Exemptions, § 364. A different rule would defeat the chief object of the exemption laws, which is to secure a home for the children during their infancy, and might render them destitute when they most needed shelter.

2. The decree of sale was interlocutory, and subject at any time to be vacated. *Pattison* v. *Josselyn*, 43 Miss. 373. It did not dispose of the case. At the trial of the motion to confirm the sale, the land and purchase money and the executor's deed were under control of the court, before which all the parties appeared, and which had power to consider the whole subject-matter. *Cook* v. *Bay*, 4 How. 485; *Smith* v. *Denson*, 2 S. & M. 326; *Hoel* v. *Coursery*, 26 Miss. 511; *Garrard* v. *Webb*, 4 Porter, 73. On discovering that the land was the homestead, the court should have set aside the decree. *Estate of Smith*, 51 Cal. 563. Minors cannot waive their exemption right by failing to assert it before decree. *Booth* v. *Goodwin*, 29 Ark. 633. Notice was given to the purchaser, who cannot be injured if the parties are placed *in statu quo*, and, as the sale was ordered by the court in ignorance of the homestead, it should be set aside.

No counsel for the appellee.

CAMPBELL, J., delivered the opinion of the court.

The most important question in this case is, whether, under § 1956 of the Code of 1871, the land exempted by law from sale, under execution or attachment, and devised by the owner, was, by virtue of such devise, made liable to be sold by decree of the court in which the will was proved, on the application of the executor, to pay the debts of the testator after the exhaustion of the personalty, and other land? It was settled by the adjudications of this court under statutes employing the same phraseology as the section of the Code mentioned above, that the exemptionist had the right to dispose by will of his property, exempted from execution by law, and that it *descended*, only in case of the intestacy of the owner. *Turner* v. *Turner*, 30 Miss. 428; *Nash* v. *Young*, 31 Miss. 134. Under § 1956 of the Code of 1871 the property exempted by

law from sale did not *descend* where the owner of it disposed of it by will. That section was operative only in case of intestacy. But a farther question is, did the devise of it render it liable to be devoted to the payment of the debts of the testator? It would *descend*, as provided by law, only in case of intestacy, but did the disposal of it by its owner make it liable for his debts, when it was not liable before? We think not. Section 2143 of the Code of 1871 declares that: " The exempt property, real or personal, may be disposed of, as any other property may be, by the owner, and shall not, by such disposal, become liable to the debts of such owner." We therefore hold that the fact that the homestead was devised did not subject it to sale for the payment of the debts of the testator. It is quite clear that the will did not charge the homestead with the debts of the testator. It is true it used language held sufficient by itself to charge land with debts. The language is : " First, after all my lawful debts are paid and discharged, the residue of my estate, real and personal, I give," &c. But in the will the testator appropriated a specific fund to pay his debts and thus clearly negatived a purpose to charge them on the other land. 3 Jarman on Wills (5th Am. ed.), 411.

We have expressed our view of the foregoing questions because they arise out of the facts contained in the record before us, but are constrained by rules of practice to affirm the decree of the Chancellor, because it is not allowable on exceptions to a report of a sale made under a decree of the court to show error in the decree. Parties summoned to answer a petition to sell land should then present their defence, and will not be permitted to remain silent, and, after a sale made and reported, come in and show cause against the decree for a sale. They should speak when called on to do so or afterward remain silent as to all matters then existing, and within their knowledge. We suppose this to be the ground of the decision of the Chancellor on the exceptions. It is claimed by counsel for the appellants that, because some of them are infants their rights should be protected by the court, notwithstanding the fact that they were not made known until the sale had been ordered, and made and reported. An

insuperable difficulty in the way of adopting this view is that the record does not disclose whether the devisees of the land sold, and now claimed to have been exempt, were minors or adults. The agreement as to facts shows that some of the children of the testator are minors, but does not show which of them are such. If the devisees are minors, they may have their remedy against the decree prejudicial to their interests. *Sledge* v. *Boone*, 57 Miss. 222; *Mayo* v. *Clancy*, 57 Miss. 674; *McLemore* v. *Chicago Railroad Co.*, 58 Miss. 514. If adults they have no right to complain of a decree against which they did not object when cited to show cause against it. The appellants excepted to the report of sale claiming the land as children and heirs of the decedent, but none but the devisees of the land have any interest in it.

*Decree affirmed.*