LINNIE L. OSBURN *v.* T. J. SIMS, EXECUTOR, ET AL.

1. HOMESTEAD. *Right of owner to devise. Widow's survivorship.*

There is no provision in the Code of 1880 which precludes the owner from devising his homestead as any other land, and only in case of his dying intestate in respect thereto can his widow assert her rights of survivorship under ? 1277 of the code.

2. SAME. *Devised by husband. Widow's rights. Separate estate and insurance money.*

A widow, whose separate estate owned by her at the time of her husband's death, together with an amount collected upon a policy of insurance on her husband's life taken out by him for her benefit, equals in value the interest which she would be entitled to in her husband's estate if left without any property, has no right under the Code of 1880 to share in a homestead devised to another by her deceased husband.

APPEAL from the Chancery Court of Copiah County.

HON. E. G. PEYTON, Chancellor.

In October, 1883, R. D. Osburn, who was childless, but having a wife living, died, leaving a last will and testament by which he devised to his infant nieces, Kate and Daisy Osburn, the house and lot occupied and used by him as a homestead at the time of his death. The testator owned no other property except his household furniture, which was not disposed of by his will. The widow, Linnie L. Osburn, being in possession of the premises devised, refused to surrender the same to the devisees, claiming that the law gave the property to her, or an interest therein, notwithstanding her deceased husband's will.

T. J. Sims, the executor of the will, and the devisees therein, through their next friend, filed the bill in this cause against Linnie L. Osburn, the widow of the testator, alleging that the defendant was the owner of a separate estate at the time of the testator's death, and asking for the appointment of commissioners to value her separate estate, and also the property, real and personal, of which the testator died seised and possessed, for the purpose of ascertaining what interest, if any, the defendant had in the property devised to Kate and Daisy Osburn. It was agreed between the complainants and the defendant that the property devised was worth two thousand dollars and the household furniture four hundred dollars. It was admitted by the defendant that she had received the furniture referred to, and that upon a policy of insurance on the testator's life, taken out by him in her favor, she collected soon after his death, from the association or order of the Knights of Honor, two thousand dollars. The commissioners appointed to value the defendant's separate estate, owned by her at the time of her husband's death, reported that it was worth five hundred and twelve dollars.

The court below decreed that the defendant was not entitled to any share in the property devised to Kate and Daisy Osburn, and that their title under the will was good. Thereupon the defendant appealed to this court.

*H. B. Mayes,* for the appellant.

The will and title of the devisees thereunder should not have been sustained.

It matters not how comprehensive may be the language of § 1262 of the Code of 1880, it is only intended to indicate what persons shall have power to devise and what estates may be devised, subject to limitations on such power as may appear in other parts of the code or may be subsequently introduced by legislation.

This limitation on the *jus disponendi* of the husband is found in § 1258 of the Code of 1880, which is not in the Code of 1871, and in the difference of language in § 1277 of the Code of 1880 and § 1956 of the Code of 1871.

Section 1258 is as follows : " No mortgage, deed of trust, or other incumbrance upon the homestead exempted from execution shall be valid or binding unless signed by the wife of the owner, if he is married and living with his wife." A will is but an incumbrance which *may* defeat the *descent* of property.

*H. B. Mayes* also made an oral argument.

*Wells & Williamson,* on the same side.

Such a construction must be put upon §§ 1175, 1277 of the Code of 1880 as will make them apply to different classes of cases. If they are not made to apply to states of fact *different,* then one or the other has no application. It seems perfectly manifest to us that § 1175 applies to property *other* than the homestead, and § 1277 applies *strictly to exempt property.* If we are correct in this then Mrs. Osburn, if there had been no will, would have inherited the homestead, and by renouncing the will she places herself in an attitude toward the property the same as if it had not been devised.

This court has repeatedly held that a wife's separate property does not affect her right to the exempt personalty which descends to her on the death of her husband. *Coleman* v. *Brooke,* 37 Miss. 71 ; *Whilley* v. *Stephenson,* 38 Miss. 115 ; *Mason* v. *O'Brien,* 42 Miss. 421 ; *Wally* v. *Wally,* 41 Miss. 658 ; *Thoms* v. *Thoms,* 45 Miss. 275 ; *Harden* v. *Osburn,* 43 Miss. 523 ; *Birmingham* v. *Birmingham,* 53 Miss. 612. We are unable to see why these cases would not apply to exempt realty.

The insurance money received by Mrs. Osburn should not have been treated as a part of her separate estate, as the " separate property " referred to in § 1175 of the Code of 1880 clearly means property held at the time of the husband's death, and not such as may be thereby acquired. Bliss on Life Ins., §§ 317, 318, 322.

*W. Calvin Wells,* of counsel for appellant, argued the case orally.

*R. P. Willing,* for the appellees.

The right of the husband to dispose of his homestead by will, under provisions similar to those contained in the Code of 1880, has been so fully decided by this court in the cases of *Norris* v.

*Callahan*, 59 Miss. 140; *Nash* v. *Young*, 31 Miss. 134; *Turner* v. *Turner*, 30 Miss. 428; *Johnson* v. *Cooper*, 56 Miss. 608, that it can hardly be regarded now as an open question. The new Code of 1880, which was in force at the death of the testator and which had not been changed as to the disposition of exempt property, contained the following provisions, viz.: "Every person aged twenty-one years, male or female, being of sound and disposing mind, shall have power by last will and testament or codicil in writing, to devise all the estate, right, title, and interest, in possession, reversion, or remainder, which he or she hath, or at the time of his or her death shall have, of, in, or to lands, tenements, or annuities, or rents charged upon or issuing out of them, or goods and chattels and personal estate of any description whatever." Section 1262. "The exempt property, real or personal, may be disposed of as any other property may be by the owner, and shall not by such disposal become liable to the debts of such owner, and any debtor leaving this State may take the personal property he has exempt from execution." Section 1258.

Did Mrs. Osburn at the time of the death of her husband have a "separate estate" equal in value to one-half of the real and personal estate of her husband, or has she received from his estate property sufficient in value to make up that deficiency in case she did not have?

The contract entered into with the Knights of Honor by R. D. Osburn to pay his wife two thousand dollars, though contingent before his death, became absolute *at the time of his death*, and the two thousand dollars due under it at his death was either a part of the estate of R. D. Osburn or was the "separate property" of Mrs. Osburn. If it was her property she cannot dissent from the will, since this money, together with the lands owned by her and the personal property received from the estate of her husband, exceeded in value the property disposed of by the will. If it was the property of the estate, her dissent cannot avail her anything, since she has received from the estate two thousand four hundred dollars, more than one-half of the estate.

*R. P. Willing* also made an oral argument.

CAMPBELL, C. J., delivered the opinion of the court.

The right of the wife surviving her husband to the homestead he had owned, under § 1277 of the Code of 1880, which in this respect does not differ from the Code of 1871, is dependent on his dying intestate as to the homestead. It *descends* when the owner does not dispose of it as he may. The exemptionist may devise the homestead in the same manner and with the same effect as any other land. No change as to this was wrought by the Code of 1880. The following cases are decisive of this: *Turner* v. *Turner*, 30 Miss. 428 ; *Nash* v. *Young*, 31 Miss. 134 ; *Norris* v. *Callahan*, 59 Miss. 140.

Section 1175 of the code applied and governed the rights of the widow in this case, and as she had a separate estate equal in value to what would have been her lawful portion of her husband's real and personal estate, it was properly held that she had no interest in the homestead he had devised.

*Affirmed.*

Judge COOPER takes no part in this decision.