Roas Borodofski *v.* Philip H. Feld, Administrator.

[40 South. Rep., 816.]

1. Exemptions. *Non-residents. Life insurance.* Code 1892, § § 1965, 1986. Code 1906, § § 2141, 2162.

    Non-residents can claim the benefits of Code 1892, § 1965, part of the chapter, entitled "Exempt property," providing that the proceeds of life insurance, not exceeding a designated sum, payable to the executor or administrator of the insured, shall inure to his heirs or legatees freed from all liability for the debts of the decedent, although Code 1892, § 1986, provides that the exemptions of the chapter are allowed to residents only.

2. Same. *Laws* 1902, *ch.* 59, *p.* 62.

    If Code 1892, § 1986, providing that the exemptions specified in the chapter on "Exempt Property" should be allowable only to residents, were ever applicable to the provisions of same Code, § 1965, exempting the proceeds of life insurance, it was repealed, in so far as applicable, by laws 1902, ch. 59, p. 62, on the subject of insurance, reproducing the section providing the exemption freed from all the restrictions of the other.

From the chancery court of Warren county.

Hon William P. S. Ventress, Chancellor.

Miss Borodofski, the appellant, was complainant or petitioner in the court below; Feld, administrator of the estate of Joseph Emmons, deceased, the appellee, was defendant there. From a decree in defendant's favor the complainant or petitioner appealed to the supreme court.

Miss Borodofski obtained a judgment against Feld, administrator, which she was unable to collect without the aid of the chancery court; she therefore filed her petition in that court, showing the facts and charging that the administrator held the proceeds of life insurance on the life of the deceased debtor, Emmons, amounting to $2,258, and prayed that he be ordered

to pay the same upon petitioner's judgment. The heirs of the deceased Emmons were all nonresidents of the state of Mississippi at the time of and ever since his death, although Emmons was a resident citizen of the state at the time and for several years before he died, and so was the administrator.

The defendant pleaded exemption of the proceeds of the life insurance policy to the payment of debts of decedent on the ground that it was under $5,000 and therefore exempted under sec. 1965 of the code of 1892, which is as follows:

"The proceeds of a life insurance policy not exceeding five thousand dollars, payable to the executor or administrator of the insured, shall inure to the heirs or legatees, freed from all liability for the debts of the decedent; but if the life of the deceased be insured for the benefit of his heirs or legatees at the time of his death otherwise, and they shall collect the same, the sum collected shall be deducted from the five thousand dollars, and the excess of the latter only shall be exempt."

The above section is in ch. 45 of the code of 1892 on the subject of "Exempt Property," secs. 1963 to 1986, inclusive. The complainant contended that the proceeds of the life insurance policy were not exempt, and that the heirs of the decedent, being nonresidents, were not entitled to claim exemptions created by Mississippi laws, and relied on § 1896, Code 1892, which is as follows:

"The exemptions in this chapter shall be allowed in favor of residents of this state only."·

[For the history of Miss Borodofski's judgment and the peculiar facts out of which it grew, see *Feld* v. *Borodofski,* 87 Miss., 727.]

*Bryson* v. *Dabney,* for appellant.

The only question for the consideration of this court is whether or not the proceeds of the policy of insurance on the life of Emmons are exempt from his debts.

The policy being payable to the executor, administrator or assigns of the insured, is not exempt under sec. 1964 of the code of 1892. *Rice* v. *Smith,* 72 Miss., 42 (s.c., 16 South. Rep., 417).

If exempt at all, then it must be under sec. 1965 of the code of 1892.

The proceeds of this policy are not exempt under the section because sec. 1986 of the code of 1892 limits the benefit of all exemptions named in ch. 45 of the code (which embraces said sec. 1965) to residents of this state. All of the heirs of Emmons are nonresidents, and hence are excluded under sec. 1986.

This question has been passed upon by this court in the case of *Vignaud* v. *Dean,* 77 Miss., 860 (s.c., 27 South. Rep., 881), in which it was held that to be entitled to a homestead exemption in this state one must be both a citizen and resident, besides being a householder and having a family.

And the fact that the decedent was a resident at the time of his death is immaterial, for the exemption, if any, does not come into existence until after his death, and hence he cannot possibly take any benefits thereunder. It is the status of those who claim under the exemption laws that determines whether they are entitled to any rights thereunder.

We have been unable to find a case directly in point, but this theory is amply sustained by the decisions with reference to homestead exemptions. Although the homestead exemption exists at the time of the decedent's death, the question of its survival to the heirs or devisees seems always to have been determined with reference to the status of the latter, and the courts have uniformly held that where the widow or children who would be entitled to such exemption are nonresidents, the benefit of same is denied them. They must at least be constructively residents of the state wherein the property is situated, and while most of the courts hold that the domicile of the husband draws to it that of the wife and children and

brings them within the provisions of the exemption laws, yet where it appears that they have separated, and particularly where such separation amounts to an abandonment on her part, she is denied the benefit of such laws.    15 Am. & Eng. Ency. Law, 555 (b); *Stanton* v. *Hitchcock,* 64 Mich., 316 (s.c., 8 Am. St. Rep., 821); *Black* v. *Singley,* 91 Mich., 50; *Emmetle* v. *Emmette,* 14 Lea. (Tenn.), 369; *Trawick* v. *Harris,* 8 Texas, 312; *Earle* v. *Earle,* 9 Texas, 634; *Myer* v. *Claus,* 15 Texas, 516; *Lacey* v. *Clements,* 36 Texas, 661; 51 *Texas,* 150.

*Smith, Hirsh & Landau,* for appellee.

The legislature, deeming it wise and proper to establish a separate and distinct department of insurance, and set forth in a distinct and connected manner all the material provisions relating to the important subject of insurance, by ch. 59 of the laws of 1902, approved March 5, 1902, created such department and made many beneficent provisions for the management of such department, and among other things especially prescribed:

"The proceeds of a life insurance policy not exceeding five thousand dollars, payable to the executor or administrator of the insured, inure to the heirs of legatees freed from all liability for the debts of the decedent; but if the life of the deceased be insured for the benefit of his heirs or legatees at the time of his death otherwise, and they shall collect the same, the sum collected shall be deducted from the five thousand dollars and the excess of the latter only shall be exempt."

Under this section, which is a copy of a like provision in the annotated code of 1892, the testator had a right to rely, and in the disposition of his estate necessarily did rely. The language is plain and not susceptible of any misconstruction, and under its terms the policy of insurance, not exceeding five thousand dollars, payable to the executors or administrators of

the insured, inures to his legatees from all liability for the debts of the decedent. How could the intention of the legislature be made more manifest? and how could the court add anything to this language? Considering the manifest purpose of our exemption laws, which is to protect the exemptionist in his life time and his beneficiaries after his decease, and considering the rule which the courts have created to liberally construe such laws, how can it be successfully contended that the legislature meant to exclude nonresidents and to favor only residents, when the legislature by apt words freed this insurance from all liability to the debts of the decedent in favor of all heirs or legatees?

The appellant is forced to insist that the court must insert a provision in this act, which is in the code, and which is in conflict with this act, and is further enforced, in the exigencies of her case, to cite decisions relating to such an academic proposition as "repeal by implication is not favored." We maintain:

1.  That sec. 1986 of the code of 1892, which relates to quite a number of matters enumerated in ch. 45 of said code, if it did apply to the acts of 1902, would furnish appellant no relief because it is not susceptible to the construction under which the appellant seeks the aid of the court.

2.  The said sec. 1986 does not apply because it is not referred to in any manner in the acts of 1902, which is in itself a distinct and complete code of laws applicable to the subject of insurance.

3.  The doctrine of repeal by implication does not apply, nor can said sec. 1986 apply, because the acts of 1902 expressly exempt this insurance in favor of all heirs or legatees, and in order to make assurance doubly sure, the legislature, by sec. 98 of said acts of 1902, expressly provided:

"That any and all laws and parts of law in conflict with this act * * * be, and the same are hereby, repealed."

CALHOON, J., delivered the opinion of the court.

The sole contention of appellant is that, under Annotated Code 1892, ch. 45, § 1965, and § 41, ch. 59, p. 79, Acts 1902, the proceeds of a life insurance policy, not exceeding $5,000, are not exempt to legatees under the will, if, as in this case, the legatees be nonresidents of this state. The reliance to support this is on § 1986, ch. 45, Annotated Code 1892, which is this: "The exemptions in this chapter shall be allowed in favor of residents of this state only." The testator, in the case of this record, was, when he made the will, and for years before, a resident and citizen of this state, and this section was for his benefit as a resident, and did not affect his heirs or legatees in their right to take, free from his creditors, whether they were residents or nonresidents. It was not designed to be good for those heirs or legatees who were residents and bad for those who happened to be nonresidents. The whole ch. 45 of the annotated code of 1892 on exempt property refers exemptions to the exemptionists and is a favor to them. It is in their favor as residents, and is to give them the right. Besides, sec. 41, ch. 59, p. 79, of the acts of 1902, above referred to, reproduces Annotated Code 1892, § 1965, and the chapter does not reproduce Annotated Code 1892, § 1986, but concludes with a repeal of all laws and parts of laws in conflict with it.

If a nonresident owned property in this state, and, being here, had made his will, or even one bequeathing life insurance to residents, there would be no exemption of it under the code as against his creditors, and for the reason only that he was nonresident, and sec. 1986 allows such exemptions "in favor of residents" only. By Annotated Code 1892, § 1982, the exemptionist may dispose of his exempt property at pleasure and may take his exempt personalty out of the state. See *Meacham* v. *Edmonson,* 54 Miss., 746-750, holding that, after abandoning his residence here and acquiring residence in an-

other state, he may recover his exempt property in our courts. He may dispose of his exempt property, real or personal, by will. *Norris* v. *Callahan,* 59 Miss., 140; *Osburn* v. *Sims,* 62 Miss., 429; *Turner* v. *Turner,* 30 Miss., 428. So, if sec. 1982 means anything, it means that sec. 1986 cannot refer to vendees, heirs or legatees, but to the person to whom the exemption right is given.

*Affirmed.*

WHITFIED, C. J., delivered the following concurring opinion:

My view of this case may be very briefly expressed as follows: Sections 1964, 1965, ch. 45, Annotated Code 1892, were incongruously injected into that chapter, sec. 1965 being a new section and never had any logical place in that chapter, which is devoted to the ordinary kinds of personal property exempted from execution or attachment. There is a very marked distinction between the kinds of personal property enumerated in sec. 1963 of said ch. 45 and the proceeds of life insurance policies referred to in secs. 1964, 1965. The truth is it was a-gross blunder to put secs. 1964, 1965 in said ch. 45. The explanation perhaps is that no complete chapter on the subject of life insurance formed when the annotated code of 1892 was adopted any part of that code. Section 1986, it is true, is a new section, as enacted in the code of 1892. But to my mind it is clear that, even so, it was intended to apply alone to the personal property enumerated as "exempt" in sec. 1963. As supporting this it will be observed that the language of sec. 1963 is: "The following property shall be exempt," etc.; whereas the word "exempt" is not used in either sec. 1964 or sec. 1965. But, apart from this critical view of the said three sections (1963-1965), as to their precise language, the controlling fact is that the legislature of 1902 created an insurance department, and in ch. 59, p. 62, of the acts of 1902, for the first time enacted a complete chapter on insurance, a chapter which is perfect and complete in all its parts, and manifestly intended so to be, in

which chapter they reproduce secs. 1964 and 1965 of the annotated code of 1892 as secs. 40, 41, p. 79, of the acts of 1902, thereby very properly and wisely taking them out of the old chapter on "Exempt Property," generally, of the kind embraced in sec. 1963 and putting them in the insurance chapter, where alone they ought never to have been placed; and whilst doing this the legislature left out of ch. 59, p. 62, of the laws of 1902, sec. 1986 of the annotated code of 1892, and by the last section repealed all laws in conflict with said act of 1902. The purpose of the legislature is therefore perfectly obvious. It is just as if the legislature had said: "Section 1986 was never intended to apply to any 'exempt property,' except the kind mentioned in sec. 1963. We find secs. 1964, 1965, about a wholly different kind of property, placed incongruously in this ch. 45. We take them out of that chapter and put them in the insurance chapter proper, where they belong; and as it was never the purpose to apply sec. 1986 to secs. 1964, 1965, we just leave sec. 1986 out of ch. 59, p. 62, of the acts of 1902."