JAMES WAKER

*v.*

THEODORE B. BOORAEM, surviving executor of Christian Jacob Waker, deceased.

[Filed November 28th, 1904.]

1. On a bill for the construction of the will of W., the great-grandfather of J., a demurrer, because of the non-joinder of J., as a legatee under the will of his grandfather, C., does not raise the question of his non-joinder as a possible legatee under the will of W.

2. A person who, by a possible construction of a will, may become a legatee thereunder should be made a party to a bill for the construction of the will.

On demurrer to bill.

*Mr. George S. Silzer,* for the demurrant.

*Mr. James H. Van Cleef, contra.*

STEVENSON, V. C.

Since the oral argument I find upon examining the files that only two causes of demurrer are specified, viz., want of equity

and the failure to bring in as defendants the legatees named in the will of Christian J. Waker, who was a son of Christian Jacob Waker, above named. Both of these objections, I think, were practically disposed of at the argument.

At the conclusion of the oral argument, however, I stated to counsel that I should reserve the consideration of the question whether the great-grandson of the testator, the infant James J. Waker, was not a necessary party defendant as a possible legatee, in order that the defendant executor might be protected by the decree in paying out the fund in his hands. It appears, however, that no objection which raises this point is specified in the demurrer. It is true that the demurrer objects to the non-joinder of James J. Waker as a legatee under the will of his grandfather, Christian J. Waker, deceased, but there is not the slightest hint that the non-joinder of James J. Waker is objected to because of a possible claim that he may make to the fund under the will of his great-grandfather, Christian Jacob Waker, deceased.

All the rights of all possible parties depend upon the correct construction of the will of the great-grandfather. The grandfather's will is not brought in question in any way. The grandfather's surviving executor is made defendant because he is in possession of or is chargeable with the fund in dispute which his testator held in trust during his lifetime. If there is any possible basis for a claim that the fund is a part of the grandfather's estate, or that the grandfather's estate is not chargeable with it for the benefit of the legatees under the great-grandfather's will, the well-settled rule is that in such case the grandfather's executor is the only necessary party to assert this claim and defend the estate against the enforcement of an unjust demand.

Counsel for the demurrant, however, insists that it appears on the face of the great-grandfather's will that it is a debatable question whether the fund in dispute should go to James Waker, the complainant, or to the infant James J. Waker. In case the construction of the will insisted upon by the complainant should be adopted, it has not been argued that there would be room to question whether any issue of the complainant's deceased brothers

and sisters, if there be such issue, would have a right to participate with the complainant in the fund recovered. The argument is that according as the words "child or children," as employed in the great-grandfather's will, may be adjudged to include or exclude a child of a deceased child, the title to the fund in dispute must be awarded either to the infant James J. Waker or to the complainant. This objection, however, not being in any way suggested in the specification of grounds of demurrer, cannot now be considered. *Essex Paper Co.* v. *Greacen, 45 N. J. Eq.* (*18 Stew.*) *504; Demarest* v. *Terhune, 62 N. J. Eq.* (*17 Dick.*) *663, 666.*

The result is that the demurrer must be overruled.

It may be well, however, to point out that while rule 209 requires a specification of the grounds of demurrer, and in passing upon demurrers the court confines its attention to the grounds specified, these limitations are upon the rights of the demurrant only; they are limitations upon the right of the party defendant to object to the sufficiency, not of the case made out against him, but merely of the bill in which the complainant has endeavored to set forth his case. The defendant, by neglecting properly to object to the exhibition of the case against him in the bill of complaint, does not put equity into the complainant's case on the proofs where otherwise there would be no equity. The complainant's case, as proved, may be defective because of his failure to bring the necessary parties before the court. In all cases the court has the right to arrest the proceedings until necessary parties are brought into the suit, where justice requires that such a course should be taken. *Van Keuren* v. *McLaughlin, 21 N. J. Eq.* (*6 C. E. Gr.*) *163, 379.*

In this present case, assuming that James J. Waker, a grandchild of Christian J. Waker, is living, it is quite possible that the complainant, if he does not amend his bill and make James J. Waker a party defendant, will encounter difficulty arising from action on the part of the court, taken upon its own motion, of the kind to which I have referred. As the suit involves the construction of a will, the right of the complainant to recover being entirely dependent upon a clause in a will, one possible construction of which it is alleged will defeat the complainant's right to

recover the fund and award the fund to the infant James J. Waker, the general rule to be applied would seem to be that both parties interested in the settlement of this question of construction should be made parties to the suit.