SEWALL C. STROUT, ADMR., ET ALS., In Equity.

*vs.*

FRANKLIN R. CHESLEY, ADMR., ET ALS.

Cumberland.    Opinion February 21, 1926.

*When a legacy lapses which is a part of the residue it presumptively passes as intestate property and does not fall into the residue.*

*In case of a devise to several persons constituting a class one of whom predeceases the testator, no lapse takes place. The individual dies, but the class designated as the taker under the will remains in esse.*

*When legatees are designated by name and the character of the estate bequeathed is indicated by the words "in equal parts share and share alike" there is a strong presumption of testamentary intent that the legatees shall take as individuals, and not as a class.*

In the instant case by the residuary clause the testatrix left all the residue of her estate to four legatees G., M., A. and C. "in equal parts share and share alike."

G. (Sarah E. Goodrich) predeceased the testatrix.    Not being a relative her heirs are not made substituted legatees by statute.

The bequest is not to a class.    In effect one fourth of the residue was bequeathed to each of the four residuary legatees.    The contingency of G's death before that of the testatrix was not provided for in the general residuary clause.    No substituted legatee was designated either by the will or by statute.    It follows that the general residuary bequest to G. of one fourth the estate lapsed and passed to the legal heirs of the testatrix as intestate property.

But the daughter having deceased the disposal of the $20,000 held in trust during her lifetime presents a different problem.    The will provides that this shall go to the same four persons named as residuary legatees "or their heirs."    Many authorities hold that such use of the disjunctive conjunction "or" discloses an intent to make the heirs living when the will takes effect substituted legatees.

But such heirs of G. (Sarah E. Goodrich) are not shown to be parties.    A person who by a possible construction of a will may become a legatee thereunder should be made a party to a bill for the construction of the will.

The case must be remanded to afford an opportunity for further allegations and further parties, if necessary.

On report.    A bill in equity seeking the construction of the will of Lucy A. Morgan who died at Saco, Maine, April 13, 1911.    A hearing

was had on the bill, answers and replication, and by agreement of the parties, on an agreed statement of facts, the cause was reported to the Law Court. Case remanded for opportunity for further allegations and further parties, if necessary.

The case is fully stated in the opinion.

*Strout & Strout,* for complainants.

*F. R. & M. Chesley,* for respondents.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

DEASY, J. Lucy A. Morgan died in 1911 leaving as her only heir at law a daughter, Clara A. Morgan, who was feeble minded and under guardianship. Clara died intestate in 1924. The plaintiff, Sewall C. Strout, is Clara's administrator. The other plaintiffs and the defendant Helen M. Cook are all of her heirs.

Lucy A. Morgan, the mother, left a will which has been duly probated. She bequeathed to her daughter Clara a life estate in $20,000, and by the same paragraph of the will (numbered 21) she disposed of the remainder dependent upon Clara's life estate. Then after sundry other bequests the will of Lucy disposes of the residue of her property (the greater part of the whole estate) by the following general residuary clause numbered (22). "All the rest and residue of my estate, real, personal or mixed, I give, devise and bequeath to the aforesaid Sarah E. Goodrich, Charles C. Morgan, Marion B. Aten and Helen M. Cook in equal parts share and share alike, to be held and enjoyed by them, their executors, administrators and assigns forever."

Three of the residuary legatees (all except Sarah E. Goodrich) survived the testatrix. Of these only the defendant, Helen M. Cook, is living. Through testamentary transfers she has succeeded to all the estate and rights which Charles C. Morgan and Marion B. Aten acquired under Lucy Morgan's will.

The other residuary legatee, Sarah E. Goodrich, predeceased the testatrix. She was not a relative of Mrs. Morgan. Therefore, her heirs do not take, under the statute, by substitution. R. S., Chap. 79, Sec. 10.

The whole controversy relates to the part of the estate of Lucy A. Morgan which Sarah E. Goodrich as one of the persons entitled to

share in the remainder under Paragraph 21 of the will and as one of the residuary legatees under Paragraph 22, would have taken if she had survived the testatrix. The plaintiffs contend that it descended to Clara as intestate property. The defendants, on the other hand, claim that it passed by virtue of the will to the other three residuary legatees whose interests are now vested in Helen M. Cook.

As to the bulk of the estate disposed of by the general residuary clause (22) the contention of the plaintiffs must be sustained. Further on in the opinion we consider paragraph 21.

The testatrix might have provided, in her will, for the contingency of Sarah Goodrich's death. After the decease of the latter she might have bequeathed the lapsed legacy by codicil. She did neither. The residuary bequest is to the four legatees ''in equal parts share and share alike.'' The effect is the same as if she had made a separate bequest to each of one undivided quarter part of her residuary estate. If this had been done it would hardly be claimed that upon the death of one, the others would take, under the will, more than one fourth part each.

The will spoke as of the date of Mrs. Morgan's death. 28 R. C. L., Page 234. It devised three fourths of her residuary estate to three living persons. The other fourth was bequeathed to Sarah E. Goodrich, a deceased person. No substitute legatee was provided for in the will or codicil nor by statute. This fourth part was undevised. It became intestate property.

In a Maine case the will provided that ''All the rest and residue of my estate I give to B. M. B. and H. M. B.'' H. M. B. predeceased the testatrix. It was held that the legacy lapsed and descended as intestate property. Peters, C. J., said ''There can be no doubt that by the same rule the deceased legatee's portion of the general residue of the estate also lapses and that this portion falls to the heirs of the testatrix under the laws of descent and distribution.'' *Stetson* v. *Eastman*, 84 Maine, 369. The will of Lucy Morgan presents a stronger case for intestacy and a weaker case for the surviving legatees by reason of the words ''in equal parts share and share alike.''

''When a legacy lapses which is a part of the residue it cannot fall again into the residue. It must pass as intestate property.'' Rugg, C. J., in *Crocker* v. *Crocker*, 230 Mass., 482. See also to same effect *Morse* v. *Hayden*, 82 Maine, 230; *Lyman* v. *Coolidge*, 176 Mass., 9; *Dresel* v. *King*, 198 Mass., 548; *Kerr* v. *Dougherty*, 79 N. Y., 346;

*Hard* v. *Ashley,* 117 N. Y., 606; *Burnet* v. *Burnet,* 30 N. J., Eq., 595; 40 Cyc., 1519, and cases cited—44 L. R. A., N. S., 811 (Note).

The defendant, however, says that this rule does not apply when the residuary bequest is to a class of persons, but that upon the death of one or more it passes to those of the class living at the decease of the testatrix. This is true. In such case there is no lapse in any proper sense. The individual dies but the class designated as the taker of the residue remains in esse.

But the legacy in the instant case is plainly not to a class. It is to four named persons "in equal parts share and share alike." The individuals were not connected with the testatrix or with one another by common kinship. Apparently they had nothing in common except the good fortune of being legatees in the same will.

When legatees are designated by name and the character of the estate bequeathed is indicated by the words used in Mrs. Morgan's will, "in equal parts share and share alike," there is a strong presumption of testamentary intent that the legatees shall take as individuals and not as a class. *Blaine* v. *Dow,* 111 Maine, 483, and cases cited; *Hay* v. *Dole,* 119 Maine, 424; 28 R. C. L., Page 261; *Dresel* v. *King,* supra, 44 L. R. A., N. S. 811 (Note). This presumption may indeed be controlled by plain language in the will manifesting a contrary intent. But no such controlling language is found in Mrs. Morgan's will. *Fairbank's Appeal,* 104 Maine, 333, and *Estate of Brown,* 86 Maine, 572, are upon this ground plainly distinguishable from the instant case.

We have thus far considered only the general residuary clause numbered 22, and hold that the residuary bequest to Sarah Goodrich lapsed and descended to Clara Morgan as intestate property, and that Helen M. Cook took no part of it except her share as one of Clara's heirs.

Paragraph 21 gives the remainder dependent upon Clara's life estate to the same persons who under paragraph 22 took the general residue. But paragraph 21 presents other problems. It reads as follows:

"I give and bequeath to my daughter, Clara A. Morgan of Saco aforesaid the interest and income of Twenty Thousand Dollars or of its equivalent on the appraisal of my estate from the time of my decease to the end of her natural life; and upon the termination of her life estate therein, it is my will that the principal from which such interest

and income has been derived shall become the sole and absolute property of my residuary legatees hereinafter named, and shall be promptly transferred to them or their heirs in the several proportions to which they may be entitled."

The defendants contend that this paragraph creates a contingent remainder; that the estate passed to such of the residuary legatees named as should be living at the termination of Clara's life estate, the contingency arising from the uncertainty as to which, if any, would so survive. The answer to this question has already been suggested. The will spoke as of the date of Lucy Morgan's death. Before that time it was a mere "scrap of paper." At that time three of the four named legatees were living. Each took a vested remainder in one fourth of the estate, to take effect in possession upon the death of Clara. The fourth legatee, Mrs. Goodrich, having deceased, took no estate at all either vested or contingent. Not being a relative of the testatrix her heirs are not made substituted legatees by statute. Nothing in the will indicates that the other residuary legatees were to take by substitution.

The defendants set up the further claim that paragraph 21 of the will makes the heirs of Mrs. Goodrich substituted legatees, taking in her stead. We have already seen that her heirs take nothing by substitution under the statute. But the defendants say that they so take under the will.

That such was the intent of the testatrix is shown, so it is urged, by the use of the word "or" in the phrase "to them or their heirs," and by the omission of the usual word "assigns."

Except under conditions not existing in this case the intention of the testator when manifest must be given effect. It was competent for Mrs. Morgan to substitute any person by name or by description as heirs or otherwise for any primary legatee dying during her lifetime. The defendants say that by the language of paragraph 21 she manifested her intention to do this. We do not need to say that presumptively the words "and . . . . heirs" are words of limitation and not of purchase. Heirs, when these words are used, prima facie at least, take under and not instead of the persons named as legatees or grantees. *Kenniston* v. *Adams*, 80 Maine, 295; *Hand* v. *Marcy*, 28 N. J., Eq., 59; *Jones* v. *Warren*, 124 Maine, 282.

But many cases hold that if the disjunctive conjunction "or" is used, and more especially if the word "assigns" is conspicuous by its

absence, (*Kenniston* v. *Adams*, 80 Maine, 295) an intent is presumed that in case, during the life of the testator, the primary legatee dies, his heirs take by substitution the same estate which the primary legatee would have taken but for his death. Among the cases so holding are the following: *Brokaw* v. *Hudson*, 27 N. J., Eq., 135; *Gittings* v. *McDermott*, 2 M. & K., 65; *Trust Co.* v. *Hollister*, (Conn.), 50 Atl., 750; *Defrees* v. *Brydon*, 275 Ill., 530; 114 N. E., 342; In re Evans' Will, 234 N. Y., 42; 136 N. E., 233; In re *Kidder's Estate*, 200 N. Y. S., 783.

There are authorities opposed to this doctrine. See *Sloan* v. *Hanse*, 2 Rawl., 28. And in *Kenniston* v. *Adams*, supra., Peters, C. J., speaks of it by way of dictum as a "refined interpretation . . . . resorted to in instances where justice can be best administered only by its application."

But before this question can be decided other parties to the suit may be requisite. All persons who may have the rights of substituted legatees must be joined. "A party who by a possible construction of a will may become a legatee thereunder should be made a party to a bill for the construction of a will." *Waker* v. *Booraem*, (N. J.), 59 Atl., 451. To same effect see *Ungaro's Will*, (N. J.), 102 Atl., 244; *Loomis* v. *Healy*, (Conn.), 119 Atl., 31; *Gaddess* v. *Norris*, (Va.), 46 S. E., 905.

That Helen M. Cook is the sole surviving legatee of Sarah E. Goodrich is entirely immaterial. Sarah Goodrich took nothing under Lucy Morgan's will and therefore could bequeath nothing. Nor is it decisive that Helen Cook is now the sole surviving heir at law of Sarah Goodrich. What we need to know is, who were the heirs at law of Sarah Goodrich living at the date of Mrs. Morgan's death. In paragraph 21 the word "heirs" is descriptio personae. It is a word of purchase. Whoever took as substituted legatee or legatees took individually.

If at the date of Mrs. Morgan's death Helen Cook was the sole heir at law of Sarah Goodrich, then (assuming but not deciding that the language of the will provides for substituted legatees) Helen, as substituted legatee, took a vested remainder in one fourth of the estate bequeathed for life to Clara Morgan, subject to Clara's life estate. *Kimball* v. *Crocker*, 53 Maine, 268; *Dove* v. *Torr*, 128 Mass., 38.

But there may have been other heirs of Mrs. Goodrich who took as substituted legatees. As to this the court is not informed. If there were other heirs, to whose interests Helen Cook has not succeeded, other parties are necessary.

Does paragraph 21 make the heirs of Sarah Goodrich substituted legatees? If so, it is heirs living at the time of Mrs. Morgan's death who thus acquired title. They took by purchase and not by descent. All such persons, or others claiming under them, are interested and should be parties. This court is averse to deciding cases until it is made certain that all persons who may be affected by its decree have had an opportunity to be heard. For further facts or parties this case must be remanded.

This bill prays for the construction of Mrs. Morgan's will. It also contains other prayers. The further alleged ground of equity jurisdiction is mistake. No fraud is claimed. It appears that one, Walter T. Goodale, was the executor of Mrs. Morgan's will; that in 1913 he had $112,281.15 for distribution, and that obedient to an order of the Probate Court he distributed this fund equally among the three surviving residuary legatees, paying to each $37,427.05. This was a mistake. The fund should have been divided into four parts and one part paid to Clara Morgan's guardian. But counsel for the plaintiffs in their brief distinctly disclaim any intention to ask to have this decreed and completed distribution disturbed.

No other mistake appears. Franklin R. Chesley, joined herein as defendant, is administrator d. b. n., c. t. a., of Mrs. Morgan's estate. As such he has in his possession more than $30,000 ready for distribution. This should be paid and distributed in such manner as to (so far as may be) make the distribution of the entire estate conform to the legal rights of the parties interested. But it is for the Judge of Probate and not for this court to order such distribution, subject of course to appeal to the Supreme Court of Probate.

Certain other points are made in the pleadings and have been fully and exhaustively argued by counsel. Passing upon them cannot affect injuriously persons, not made parties, who may be interested in the estate. To possibly expedite this litigation we consider these points.

The former order of distribution does not tie the hands of the Judge of Probate so far as concerns the undistributed fund.

The Judge of Probate may, subject to appeal, determine "who are entitled to take and their respective shares." R. S., Chap. 70, Sec. 21. He may "after public notice and such other notice as he may order" decide, subject to appeal, whether or not the heirs of Sarah E. Goodrich took her share by substitution. This does not affect the right of this Court of Equity to construe the will. The remedies are to a certain degree concurrent.

The settlement of the contemplated will contest does not bar a claim for intestate property.

No reason is perceived why this proceeding should be held barred by laches or by the Statute of Limitations.

The greater part of the fund now in the hands of Mr. Chesley could not have been distributed until after the death of Clara, which occurred January 1, 1924.

The case will be remanded for amendment if desired.

*Bill sustained.*
*Case remanded.*