In the Matter of the Judicial Settlement of the Accounts of the ROCHESTER TRUST AND SAFE DEPOSIT COMPANY, as Trustee of CHESTER ADAMS, Deceased.

Surrogate's Court, Genesee County, March 29, 1927.

**Wills — construction — testator after creating trust for wife for life directed that on her death corpus thereof should be paid " in equal shares " to five designated " nieces and nephews "— testator intended to bequeath fund to five persons named to take individually and not as class.**

The will of the testator herein which after creating a trust, the income of which testator directed to be paid during the life of his wife and at her death the corpus thereof to be paid " in equal shares " to five named persons, " my nieces and nephews," must be construed as a bequest to five people to take as individuals and not as a class, and consequently the widow having died, the trust fund now should be distributed in five equal shares with a share payable to four nieces and nephews and to the representative of the estate of the deceased niece.

ACCOUNTING proceeding involving construction of will.

*Havens, Mann, Strang & Whipple,* for Rochester Trust and Safe Deposit Company.

*Isaac Adler,* for the legatee William Adams.

*William H. Coon,* for the legatees Floyd C. Adams and others.

*F. A. Lewis,* for the executor of Edna Bower, deceased legatee.

CONE, S. Chester Adams, testator, died October 25, 1915, a resident of the town of Bergen, Genesee county, N. Y. On December 7, 1915, his last will and testament was admitted to probate before the Surrogate's Court of the county of Genesee. Said will provided as follows:

"*Third.* I direct my executors hereinafter named to sell all of my property, real and personal, except such as is the subject of the next preceding paragraph of this Will, at the best price obtainable and to convert the same into cash, and after erecting a marker at my grave, to pay to the Rochester Trust and Safe Deposit Co., the sum of Ten Thousand Dollars, to be held in trust, and invested

in interest bearing securities, so as to yield the largest income comportable with positive security of principal, the income therefrom be paid in semi-annual installments to my widow, Alice L. Adams, during her natural life, and at her death, the corpus of said fund to be paid by my said trustee in equal shares to the following named persons, my nieces and nephews, to wit: William Adams, Floyd C. Adams, Rosa Seaman, Nettie Adams and Edna Bower.

"*Fourth.* All of the rest, residue and remainder of my estate, exclusive of that hereinbefore disposed of, I give and bequeath in equal shares to my nieces and nephews hereinbefore named, to wit: William Adams, Floyd C. Adams, Rosa Seaman, Nettie Adams and Edna Bower."

On March 5, 1917, a decree of final settlement of the accounts of the executor of said estate was duly entered in the Genesee county surrogate's office settling the accounts of said executor; the account filed October 4, 1916, by Schedule D set forth that the executors had paid and transferred over to the Rochester Trust and Safe Deposit Company the sum of $10,000 as provided by the 3d clause of said will, to be held in trust for the benefit of Alice L. Adams, widow of decedent, during her natural life.

Alice L. Adams died October 20, 1926, and thereafter, on December 18, 1926, the Rochester Trust and Safe Deposit Company, as trustee, filed a petition in this court asking for a judicial construction of the 3d clause of said decedent's will as to the administration of the principal fund after the death of said Alice L. Adams, and for the discharge of said trustee.

It appears that Edna Bower, one of the legatees mentioned in the 3d and 4th clauses of said will, died on April 25, 1921, leaving her last will and testament which was duly admitted to probate before the Surrogate's Court of the county of Erie, and letters testamentary issued to Arthur E. Bower; that William Adams, Floyd C. Adams, Rosa Seaman and Nettie Adams, legatees mentioned in the 3d and 4th clauses of said will, are now living.

It also appears that said decedent, Chester Adams, at the time of the execution of his will, and at his death, left his widow, Alice L. Adams; his brother William H. Adams, who died April 5, 1923, and a brother, Andrew Adams, who died on November 14, 1926, as his sole heirs at law and next of kin; that the legatees, William Adams, Floyd C. Adams, Rosa Seaman and Nettie Adams, are children of the deceased brother, Andrew Adams, and that Edna Bower was a child of the deceased brother, William Adams.

The nephew William Adams contends that under the 3d clause of decedent's will there was no absolute gift to the nephews and nieces and no vesting of the legacy at the death of the testator,

but a mere direction to the trustee to pay over the corpus of the fund at the death of Alice L. Adams, life beneficiary, there being no gift, but a direction to pay in the future; that the divide and pay-over rule applies; that Edna Bower having predeceased the life beneficiary, her share is to be distributed under the residuary (4th) clause of testator's will; that the beneficiaries of the trust are certain named individuals and not a class, and that the interest of Edna Bower did not pass to the other beneficiaries.

Floyd C. Adams, Rosa Seaman and Nettie Adams, beneficiaries, contend that the bequest of the remainder of the trust is to a class of beneficiaries, which are to be determined at the date of the death of the life beneficiary, and only such persons as are members of the class at that time are entitled to share in the fund, and that the estate of Edna Bower should not take any part under the 3d or residuary clauses.

The contention of the representative of the estate of Edna Bower is that the bequest in the 3d clause was to five nephews and nieces that were named, and that the possession and enjoyment of said fund was suspended during the life of the widow, Alice L. Adams; that there was a vesting of this gift at the death of the testator, but that the distribution and direction to pay was at a future period and " let in " the enjoyment of the life beneficiary, Alice L. Adams; and that Edna Bower having become vested, the bequest was not to a class, and that her share belongs to her estate.

The court has examined a large number of decisions relative to the contentions of the respective parties, and there is much to be said as to the respective claims of each beneficiary, but in the last analysis the question involved is absolutely one of construction of the will and the intention of the testator derived from the language used, the general facts surrounding the testator and all the provisions of the testamentary document, and then to apply such principles and rules of construction as will aid in the determination of the testator's intention and desire, assisted by the authorities as laid down by the courts in the many cases of this nature that have been before them.

It is not my intention to discuss or to quote the language of the courts in the many decisions upon this subject, some of which are cited by counsel, and many others that I have read and endeavored to determine the legal principles to be applied in the construction of this will, as in all the decided cases the language of the will is at variance and the circumstances are not the same as in the case at bar. So, in the last analysis, the provisions of this will must govern in determining the intention.

If Chester Adams had died without a will, his widow and his

brothers, as the sole heirs and next of kin, would have inherited his entire estate, but the testator by his will intentionally deprives his brothers of any part of his estate, and his intentions are clearly expressed.

*First.* To provide for his wife by a trust estate.

*Second.* To make the children of his brothers the recipients of his bounty, to wit, his five nephews and nieces by name, in equal shares.

"A gift to a class is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or in some other definite proportions; the share of each being dependent for its amount upon the ultimate number." (*Matter of Kimberly,* 150 N. Y. 90; *Matter of Russell,* 168 id. 169.)

In the case at bar the number of persons was certain at the time of the gift, and the share each was to receive was certain. It was in no way dependent for its amount upon the number and who survived; the bequest was to the following-named persons: " William Adams, Floyd C. Adams, Rosa Seaman, Nettie Adams and Edna Bower." From the fact that before their names were the words, " my nieces and nephews," I cannot gather from the language employed the intention of the testator to designate them as a class. It is clear to the court that the testator was thinking of individuals, children of his two brothers, and the words " nephews and nieces " were descriptive and for the purpose of identification from others who might bear the same or similar names. If the names had been omitted, the language might have been construed as an intention to make the bequest to a class. (*Matter of Barrett,* 132 App. Div. 134; *Matter of King,* 200 N. Y. 189; *Matter of Pearsall,* 91 Misc. 212.)

In the *Parsall* case the rule is expressed thus: " The rule that where a will directs an aggregate fund to be divided among individuals by name, share and share alike, with an additional description as to relationship, but with no words necessarily pointing to a class, they take as tenants in common." This rule seems to be settled by numerous authorities cited.

The next fact to be determined from the language of the clause and the authorities is the question " when did the legacy vest? " The leading inquiry of a legacy vesting or not vesting turns upon the question as to whether the gift is immediate and the time of payment or of enjoyment only postponed. (*Matter of Becker,* 59 Misc. 135; *Matter of Conger,* 81 App. Div. 493.)

A legacy is contingent when the enjoyment of it depends upon some particular event, as the arrival of the legatee at a certain age,

but if it appears to relate to the time of payment only, the legacy vests immediately.

This question must be determined by the intention of the testator as gathered from the whole will. The courts of this State have held that if from the language of the will and intention of the testator it can be determined that the postponement of the payment of a legacy is for the purpose of letting in an intermediate estate, then the interest shall be deemed vested at the death of the testator. In this case, save for the use of the widow of a life estate, the enjoyment of the legacy to the nieces and nephews named would have been complete on the testator's death.

The divide and pay-over rule, from the language used, to my mind does not apply. There is no holding the estate in suspense from those not prepared to take. The legacies are not uncertain; they are definite; there is no contingency as to a legacy payable to a legatee when they become of age or surviving until twenty-one; the legacy then does not vest until the contingency happens. If it does not happen, the legacy lapses. (*Matter of Lamb*, 182 App. Div. 180.)

The court has examined at great length the briefs of the counsel and the authorities cited therein applicable to the contentions of the parties, and they are to be commended on their careful research of the law upon the subjects involved in this case, and the court fully realizes that the decisions cannot be harmonized, and that the bequests and devise in a will as to whether it vests on the death of the testator, or as to a class or to individuals as tenants in common, as to whether the divide and pay-over rule applies, must depend in each instance upon the language employed by the testator in making the gift, and all the provisions of the will should be consulted, as well as the situation and relation of the parties.

From the nature of these various questions involved, the courts have found it impossible to lay down any general rule, but have determined each case upon the facts, and construed the will from the language employed by the testator and the surrounding circumstances.

But there are certain principles and canons of construction recognized by authorities in many cases in this State, and when employed with the particular facts as in the case before the court, enable it to arrive at a fair and reasonable conclusion.

If the testator in the case at bar had intended to make a gift to the legatees as a class, it would have been a simple matter to make the bequest to " his nieces and nephews," and without doubt this language could have been construed as intending a class, but from the language employed, it was a bequest to five people to take as

individuals, making them, so to speak, as tenants in common, and not as joint tenants.

I, therefore, conclude that said trust fund should be distributed in five equal shares, with a share payable to William Adams, Floyd C. Adams, Rosa Seaman, Nettie Adams, and to the representative of the estate of Edna Bower.

Let decree be entered authorizing trustee to make payment as herein directed.

It may be upon consent, or three days' notice by any party, returnable on any Monday.