BYRD *v.* WALLIS *et al.*

(Division A. June 6, 1938.)

[181 So. 727. No. 33259.]

Roberson, Cook & Luckett, of Clarksdale, for appellant.

504

Brewer & Montgomery and Chas. A. Sisson, all of Clarksdale, for appellees, Louise Moss Montgomery, Robert Moss Montgomery, Martha Louis Montgomery, Edwina Montgomery, and Herman Moss.

**Vincent J. Brocato** and **Pat D. Holcomb**, both of Clarksdale, for appellee, Ellie Haney Moss.

Argued orally by **J. Lake Roberson**, for appellant, and by **Fred H. Montgomery** and **Pat D. Holcomb**, for appellees.

**McGehee, J.**, delivered the opinion of the court.

From a decree of the chancery court of Coahoma county construing the last will and testament of Martha "Mattie" Moss Johnson, deceased, this appeal is prosecuted by one of the legatees under the will, Emma Moss Byrd, who challenges the correctness of the decree rendered by the court below only in so far as such decree deals with the residuum of the estate after the payment of the specific legacies therein provided for.

In addition to making certain bequests of money to the executor named in the will, and to the Clarksdale Hospital, the Old Ladies' Home at Jackson, Mississippi, a memorial fund, and gifts to some of her servants, etc., the testatrix devised and bequeathed to a number of individuals, by name, large sums of money as follows:

"To my nieces, Mattie Moss Brown and Gwendolen Brown, . . . Ten Thousand Dollars ($10,000.00)";

"To D. J. Johnson, the brother of my deceased husband, . . . Ten Thousand Dollars ($10,000.00)," if he be then living, and if not, "to the heirs of his body, share and share alike";

"To Laura Johnson Leitch, the daughter of the above named D. H. Johnson, . . . Five Thousand Dollars ($5,000.00)";

"To my sister, Nannie Moss Brown, . . . Twenty Dollars ($20.00) per month so long as she may live";

"To my sister, Emma Moss Byrd, . . . Ten Thousand Dollars ($10,000.00)", and certain real estate;

"To R. J. Moss and his wife Ellie Haney Moss, . . . Five Thousand Dollars ($5,000.00)";

"To Virginia Moss Hilterbran . . . Five Thousand Dollars ($5,000.00)";

"To Heber Jones Moss, . . . Five Thousand Dollars ($5,000.00)";

"To Floy Nash Moss, . . . Five Thousand Dollars ($5,000.00)"; and to

"H. G. Moss, . . . Five Thousand Dollars ($5,000.00)."

The will then states the reason for making these last mentioned five bequests, and refers to the legatees as "the foregoing nieces and nephews." Thereafter is contained a bequest of five thousand dollars to Louise Moss Montgomery if she be living, but if not, "to the heirs of her body share and share alike." Then there follows bequests of five thousand dollars to each of the three children (naming them) of the said Louise Moss Montgomery. The relationship of Louise Moss Montgomery and her children to the testatrix is not stated in the will, but they are shown, by the record, to be her relatives.

Immediately following these several bequests, the will contains the following provision: "If, after all my property shall have been sold and all sums owing to my estate shall have been collected, there shall be more money belonging to my estate than is herein given, devised and bequeathed, it is my desire that any excess of money belonging to my estate, over and above the aggregate of the amounts herein specifically given, devised and bequeathed, be divided equally among my relatives whose names are mentioned in this will." .

The questions for decision on this appeal are: (1) Whether the gift of the residuum was to the relatives of the testatrix, individually, and not as a class; (2) whether the residuary legacy which was bequeathed Nannie Moss Brown, who pre-deceased the testatrix, lapsed, so as to descend, as property undisposed of by the will, to the appellant, Mrs. Emma Moss Byrd, as the sole surviving sister of the whole blood and heir at law of the testatrix; or whether such residuary share passed to the other residuary legatees; and (3) whether Ellie Haney Moss, the wife of a blood nephew of the

testatrix, was included among the legatees of the residuum of the estate bequeathed to "my relatives whose names are mentioned in this will," the said Ellie Haney Moss having been specifically named in connection with a certain legacy of five thousand dollars made "to R. J. Moss and his wife Ellie Haney Moss," and the said R. J. Moss having predeceased the testatrix.

If the first question above stated be answered in the affirmative, then the solution of the second question in favor of the appellant, Emma Moss Byrd, will necessarily follow, that is to say, if the gift of the residuum was to individuals, and not to a class, the share bequeathed to Nannie Moss Brown lapsed at the time of her death, she having predeceased the testatrix, and her share descended to the appellant as property undisposed of by the will, and not to the residuary legatees by survivorship.

If the gift is made to the beneficiaries by name, the gift is not one to a class, even if the individuals who are named possess some quality or characteristic in common. Page on Wills (2d Ed.), Section 921.

Counsel for the other residuary legatees under this will contend that the gift of the residuum of the estate was a gift to the relatives of the testatrix mentioned in the will as a class, and not as individuals, and in support of such contention rely strongly on the case of Branton v. Buckley, 99 Miss. 116, 54 So. 850, L. R. A. 1917 C, 527, and Shannon v. Riley, 153 Miss. 815, 121 So. 808, 75 A. L. R. 768. However, we are of the opinion that these cases are distinguishable on their facts from the case at bar. In the case of Branton v. Buckley, supra, a residuum of the property was devised by the testator to his "brothers and sisters" (not naming them), and the court said that the gift "being . . . to a number of persons not individually named, but all answering a general description, is a gift to them as a class." It can be said, however, that the case of Shannon v. Riley, supra, tends somewhat to support the contention of the

other residuary legatees, wherein it is said that (page 811) "When there is a gift or grant to a number of persons, although one or all of them may be named, if the naming of them was intended merely as a matter of identification, and these persons are united or connected by some common tie, and it is clear that the donor was looking to the body as a whole or as a group, rather than to the members constituting the body as individuals, and that he intended that the group might fluctuate in numbers, so that, to preserve the group, if one or more of that body died during the period in question, the survivors should take the gift between them, either in equal or in some other naturally related portions, the gift is to be construed as one given to them as a class." But it will be noted that the above statement contains the requirement that "these persons are united or connected by some common tie." In the case at bar, some of the residuary legatees are related to the deceased husband of the testatrix and are not in any manner related by consanguinity or affinity to some of the other residuary legatees; and, as expressed in the case of Strout v. Chesley, 125 Me. 171, 132 A. 211, 212, "The individuals were not connected with the testatrix or with one another by common kinship. Apparently they had nothing in common except the good fortune of being legatees in the same will."

Moreover, it was held in the case of Marx v. Hale, 131 Miss. 290, 95 So. 441, that "a devise or bequest to certain persons by name and the exact amount to be taken by each . . . specified, . . . is a devise or bequest 'to individuals' and not to a class." In that case it was said that a gift to a class was typically illustrated by the case of Branton v. Buckley, supra, wherein it was stated that a gift to a number of persons not individually named, but all answering a general description, was a gift to a class, citing the case of Matter of King, 200 N. Y. 189, 93 N. E. 484, 34 L. R. A. (N. S.), 945, 21 Ann. Cas. 412; 1 Jarman on Wills (6th Ed.) 232; 40 Cyc. 1473.

The court further said that ''The converse of this rule is well stated in the case of Cruse v. Howell, 4 Drew. 217 [62 Eng. Reprint 83], as follows: 'If there is a bequest to certain persons nominatim, or so described as to be fixed at the time of the gift so that there can be no fluctuation, then, if one of them dies in the lifetime of the testator, his share lapses.' See, also [Matter of King, 200 N. Y. 189, 93 N. E. 484, 34 L. R. A. (N. S.), 945], 21 Ann. Cas. 415, and note.''

In Re Rochester Trust & S. D. Co., 129 Misc. 318, 322 N. Y. S. 256, where a remainder following a life estate was given (page 257) ''in equal shares to my nieces and nephews hereinbefore named'' (naming them), the gift was held to be one to individuals. In Lincoln Trust Co. v. Adams, 107 Misc. 639, 177 N. Y. S. 889, it was held that a bequest to be (page 891) ''equally divided between my first cousins'' (naming them), was not one to a class. In the case of In re Griffiths' Will, 172 Wis. 630, 179 N. W. 768, it was held that the words ''I will and bequeath that such portion of my estate . . . as shall remain after the death of my said wife . . . shall be divided equally between such of my brothers and sisters and the brothers and sisters of my wife as are hereinafter named, share and share alike,'' created individual gifts. In Bill v. Payne, 62 Conn. 140, 25 A. 354, where the testatrix gave all of her estate, after payment of debts and funeral expenses ''to my sister [naming her] and my nephews and nieces, namely [naming them], to be equally divided between them,'' it was held that, as the devises were named, they took as individuals, and not as a class.

To the same effect is the holding in the case of In re Deming's Will, 106 Misc. 133, 174 N. Y. S. 172; In re Myers, 98 Misc. 108, 162 N. Y. S. 119; Shannon v. Eno, 120 Conn. 77, 179 A. 479; Strout v. Chesley, 125 Me. 171, 132 A. 211, and other cases too numerous to mention establishing as the almost universal rule that where the testator or testatrix directs that property be ''equally

divided'' among designated persons, it is to be construed by the courts as an indication of an intent to make a gift to individuals, and not to the legatees as a class.

In Re Gibson, 2 Johns. & Hem. 656, 70 Eng. Reprint 1222, a residuary bequest was made ''unto all the before mentioned pecuniary legatees (excepting servants and executors and the said Thomas Pearson as trustee for the said Joseph Pearson), and to be equally divided among them, in proportion to their respective pecuniary legacies,'' it was held that the gift was one to individuals, the effect being the same as though the beneficiaries had been renamed at length, the court, after indicating its decision, saying: ''With the exception of Knight v. Gould [2 Myl. & K. 295] I know of no case where a bequest to persons referred to in the will by the terms 'hereinbefore named,' or 'hereinafter named,' or by the words 'hereinbefore mentioned,' or 'hereinafter mentioned,' has been held to be a bequest to those persons as a class.''

In Re Huddy's Estate, 257 Pa. 528, 101 A. 818, a bequest to ''her children as above set forth'' was held to be a gift to persons nominatim and therefore to individuals. In Re Clark's Estate, 120 Misc. 191, 197 N. Y. S. 824, the court said (page 825): ''Furthermore, the testator mentions his children nominatim in the fifth paragraph of his will, and in the same paragraph when disposing of the fund in question here, he refers to them again as 'my children hereinbefore named.' The bequest, therefore, is not one to a class.'' In Kean's Lessee v. Hoffecker, 2 Har., Del., 103, 29 Am. Dec. 336, it is said: ''The devise is to his said nephews and nieces—that is, those whom he had previously designated, and whose names he had given, viz: Joshua, Elizabeth, Jennet, and Henry, to be equally divided between them and his sister. By this specific reference to his nephews and nieces, whom he had previously named, they are as fully, individually and personally designated in reference to this third part [as a possible residuum], as if their names

had been again repeated in connection with this third, and the construction of this devise must be the same as if the names had been so repeated.''

When a gift is to members of a class, such class is subject to be opened up to let in members thereof, if any, who may afterwards come into existence before the date for the ascertainment of the members of the class. But a gift to ''my relatives named in the will'' is not subject to such a contingency, and is one to the individuals named, with no right of survivorship among them.

We are, therefore, of the opinion that it is clear under the authorities that the gift of the residuum was to the legatees named in the will as individuals, where, in disposing of the residuum, the testatrix specified that the same was to ''be divided equally among my relatives whose names are mentioned in this will'' to the same extent that it would have been a gift to individuals had their names been repeated in the residuary clause. That the gift of the residuum cannot be legally interpreted as being one made to a class, with the right of survivorship among the members thereof as joint tenants, becomes still more apparent when we consider the fact that the testatrix provided in her will that the specific legacies bequeathed to D. H. Johnson and Mrs. Louise Moss Montgomery, respectively, should pass to the heirs of the body of such legatees instead of surviving to the other named beneficiaries under the will; and from which it might reasonably be assumed that a like intention existed as to their respective shares in the residuum.

Passing now to the question as to whether or not the portion of the residuum bequeathed to Nannie Moss Brown, who predeceased the testatrix, lapsed at the time of her death and descended to the appellant as the sole surviving relative of the whole blood of the testatrix as heir at law, and did not survive to the other residuary legatees, we find that, with the exception of cases in Indiana and the case of Corbett v. Skaggs, 111 Kan. 380, 207 P. 819, 28 A. L. R. 1230, that it has very generally

been held, in the absence of statute, that the lapsed portion of a residuary devise or legacy does not inure to the benefit of the other residuary devisees and legatees under residuary devise or bequest to several persons, nominatim, or in common, and not as a class, unless the indication of the testator to that effect clearly appears; but that such lapsed portion of the residuary estate is removed from the operation of the residuary clause and becomes intestate estate, passing to the heirs or distributees. 28 A. L. R., note, p. 1237; 28 R. C. L. 334; Marx v. Hale et al., Miss., supra; National Bank of Greece v. Savarika, 167 Miss. 571, 148 So. 649; Ryals v. McPhail, 154 Miss. 295, 122 So. 493.

It is stated in 28 R. C. L. 338, 339, Section 331: ". . . Lapsed or ineffectual legacies or devises or a portion of the residuary estate itself, where the residuary clause is to several devisees or legatees in common, do not inure to the benefit of the remaining residuary legatees or devisees, but the interest of the deceased becomes intestate estate, and as such passes to the next of kin or heirs at law of the testator. Therefore when one of the residuary legatees or devisees dies during the lifetime of the testator his share will not go to the survivors but will lapse and pass under the intestate laws. It cannot fall into the residue, because it is itself a part of the residue. This rule also applies where specific legatees and residuary ones are the same persons taking under a will containing a general residuary clause. The portion of one dying does not survive to his co-legatees, but goes to the next of kin according to the statute of distribution."

Section 2315, 69 C. J., p. 1079, reads as follows: "The property goes to heirs or next of kin of the testator, as in cases of intestacy, where a residuary bequest or devise lapses or is void." Again, in Section 2316, 69 C. J., p. 1080, it is said "Although there is authority to the contrary, the general rule is that where a residuary gift to

several persons lapses or, is void as to one, his share goes to the testator's heirs or next of kin, and does not increase the shares of the other residuary beneficiaries."

It is argued, however, on behalf of the other residuary legatees that a lapsed devise or bequest of personal property does not descend to an heir at law as property undisposed of by will, but passes into the residuum, citing the case of Hamberlin et al. v. Terry, Adm'r, Smedes & M. Ch. 589; Morris v. Henderson, 37 Miss. 492; Barton v. King, 41 Miss. 288, and 69 C. J., Section 2310, p. 1072, and 28 R. C. L., Section 334. But the exception to the rule announced in those cases and texts above referred to is found in 28 R. C. L., Section 331, as follows: "To the rule that a general residuary clause will carry lapsed or ineffectual bequests of personal property, and also devises of real estate, there is the exception that lapsed or ineffectual legacies or devises of a portion of the residuary estate itself . . . do not inure to the benefit of the remaining residuary legatees or devisees, but the interest of the deceased becomes intestate estate, and as such passes to the next of kin or heirs at law of the testator." In other words, the rule relied on is applicable only to the specific devise which falls into the residuum and not to a lapsed portion of the residuum itself.

Again, it is urged that it would defeat the will of the testatrix to permit the lapsed portion of the residuum which was bequeathed to Nannie Moss Brown, to descend to the heir at law instead of passing to the other residuary legatees named in the will. However, as was said in the case of George Washington University v. Riggs National Bank, 66 App. D. C. 389, 88 F. (2d) 771, 772, "while the intention of the testator to dispose of all of his estate may appear from the face of the will, if a condition later arises which was clearly not contemplated by the testator, it is not within the power of the courts to amend the will by attempting to supply the omission. . . . If . . . the testator has overlooked a con-

dition which he would perhaps have provided for if it had occurred to him, the court cannot guess at what provision he would probably have made . . . if he had thought of it.'' Furthermore, the testatrix in the case at bar had known for some time that Nannie Moss Brown had predeceased her, and she failed to amend her will so as to dispose of her lapsed share in the residuary estate and prevent it from going to appellant as heir at law of the testatrix. There must be some language used and to be construed on the point at issue in order for the court to render assistance, by construction, in effectuating the intention of a testator. Courts cannot supply a provision in a will, and then proceed to give it the desired effect. The death of Nannie Moss Brown, one of the residuary legatees, prior to the death of the testatrix, was a contingency not provided for, and hence the share lapsed and descended as intestate property.

The third question raised by the appeal, as hereinbefore stated, is whether the provision in the will devising and bequeathing the residuum of the estate to ''be divided equally among my relatives whose names are mentioned in this will'', resulting in the lapse of the share thereof at the time of the death of R. J. Moss, who predeceased the testatrix, which is now claimed by his wife, Ellie Haney Moss, appellee here. The court below held that the specific legacy of five thousand dollars given to R. J. Moss and his wife, Ellie Haney Moss, was an undivisible legacy and survived in its entirety to his wife at the time of his death. No appeal is taken from that portion of the decree; but it is contended by the appellant that a share in the residuum was bequeathed only to the said R. J. Moss, and that the same lapsed at his death and descended at the death of the testatrix to the appellant as her sole surviving sister of the whole blood and heir at law. The ground of this contention is that Ellie Haney Moss was not a relative of the testatrix within the meaning of the clause of the will, which provided

that the residuum should "be divided equally among my relatives whose names are mentioned in this will." In support of this contention, appellant quotes from Webster's International Dictionary (2 Ed.), defining relationship by affinity to be "relationship by marriage between a husband and his wife's blood relations or between a wife and her husband's blood relations", and from 1 Bouv. Law Dict., Rawle (3 Rev.), p. 159, as "the connection existing, on consequence of marriage, between each of the married persons and the kindred of the other;" and from which definitions the appellant argues that since the appellee, Ellie Haney Moss, was not a blood relative of the deceased husband of the testatrix, she is not related by affinity to the testatrix.

But we are of the opinion that this reasoning does not go far enough. Ellie Haney Moss married a blood nephew of the testatrix. The testatrix being one of the blood relatives of the husband of Ellie Haney Moss, it follows from the foregoing definition that she, being related, by affinity, to her husband's blood relatives, was related to the testatrix. If the contention of the appellant was adopted, we would have the anomalous situation of the testatrix being a relative of Ellie Haney Moss without her being a relative of the testatrix. We do not think the testatrix intended such a refined distinction when she referred to "my relatives whose names are mentioned in this will". We are, therefore, of the opinion that the appellee, Ellie Haney Moss, was entitled to one residuary share of the estate when divided equally among the relatives of the testatrix, counting the indivisible portion which would have gone to the said appellee and her husband as one share if he had likewise survived the testatrix. She was a relative, as well as a joint tenant, as to the specific legacy and the residuary share. The court below so held, and the decree in that respect must be affirmed.

The decree must be reversed in so far as the share be-

queathed to Nannie Moss Brown in the residuum was held to have survived to the other residuary legatees, instead of the appellant, Emma Moss Byrd, as heir at law of the testatrix.

Affirmed in part; reversed in part, and remanded.