CLARK *v.* CASE.

In Banc. Sept. 26, 1949.

No. 37174 (42 So. (2d) 109)

Neill, Clark & Townsend, for appellants.

**Forrest G. Cooper,** for appellees.

**Smith, J.**

In the Chancery Court of Sunflower County appellees filed their original petition for the construction of Clause VI of the last will and testament of E. C. Case, deceased. All necessary parties were properly brought into court, and those who responded joined in the prayer for such interpretation.

Appellees are the sole heirs at law of the said testator, E. C. Case.

The aforesaid section of the will sought to be construed reads as follows:

"Item 6. All of the rest, residue, and remainder of my property, wheresoever situate, be it real, personal, or mixed, which I may own at my death, or over which I may have testamentary control, I give, devise, and bequeath as follows, to-wit:

"To Miss Addie May Causey of Sunflower County, Mississippi, forty percent of said property.

"To E. F. Case of New Trenton, Indiana, twenty-five percent of said property.

"To J. F. Case, of New Trenton, Indiana, twenty percent of said property.

"To Mrs. Alda Case Whittenberg, Houston, Texas, fifteen percent of said property. All subject to the provisions of Item 7 of this my last will and testament."

It was agreed in open court that J. F. Case predeceased E. C. Case, the testator, and that the said J. F. Case was the one to whom reference was made by that name in said Clause VI, disposing of the residuum of the estate of E. C. Case. It was further agreed that Miss Addie May Causey was the fiancee of E. C. Case, the testator, and not kin to him or any of the other residuary legatees; E. F. and J. F. Case were the testator's uncles; and Mrs. Alda Case Whittenberg was his first cousin. The will is silent as to where the 20%, devised and bequeathed to J. F. Case, should go in the event of the latter's death prior to that of E. C. Case, testator.

The construction is put upon said clause by appellees that the 20% share granted J. F. Case lapsed because of his death prior to that of the testator, and the same became intestate property of the estate, and hence descended to the heirs at law of E. C. Case, averring: "Your petitioners are the only and sole heirs at law and distributees of said estate, and therefore, said petitioners are the

distributees who inherit the twenty percent (20%) of said property of said estate, as mentioned and limited by the provisions of Item 6 of said Will.''

On the other hand, the appellants present their view that ''that portion of the residuum of said estate, set aside under the terms and provisions of Item 6 of said last will and testament to J. F. Case, if construed by the Court to be lapsed, remains a part of the entire residuum as described under said Item 6 of said last will and testament, and should be divided between the surviving beneficiaries taking said residuum, and would not descend under the laws of descent and distribution of the State of Mississippi to the heirs at law of E. C. Case, deceased, and should not be construed to be intestate property; . . . ''.

The decree of the Chancellor, we think, correctly decided the issue, decreeing that: ''The said twenty percent of said property referred to in Item 6 wheresoever situate, be it real, personal or mixed, which was owned by E. C. Case at his death or over which E. C. Case had testamentary control, as being bequeathed to J. F. Case, goes to and is inherited by the said John E. Case and the said Mrs. Magnolia Hughes in equal shares, each taking one-half thereof or ten percent, and no other person, legatee, beneficiary, or otherwise, has any interest in and to said twenty percent; . . .''

From this final decree the appellants have brought the case here. The question, simply stated, is whether or not the 20% share descends to the heirs at law of E. C. Case, as intestate property, or if it is a devise to a class and divisible among the surviving residuary legatees.

A gift to a class is ''a gift to a number of persons not individually named, but all answering a general description''. Branton v. Buckley, 99 Miss. 116, 54 So. 850, L.R.A. 1917C, 527. Also a devise to one for life and at her death the remainder to descend to her

children, the remainder was a gift to a class. Balfour v. Wells, 183 Miss. 707, 708, 183 So. 392, 184 So. 313. We held, furthermore, in Marx v. Hale, 131 Miss. 290, 95 So. 441, 443, that the gift there involved was not to a class since the "devises are expressly to individuals, each individual being named and the exact portion of the estate he is to take." That is the situation before us in the case at bar, in addition to the fact that the residuary legatees bore different relationships to the testator, such as fiancee, uncles and a first cousin.

In Shannon v. Riley, 153 Miss. 815, 121 So. 808, 811, 75 A. L. R. 768, is set out a more elaborate definition of a gift to a class and a casual reading might constitute some plausibility for appellant's position. We said: "All we shall attempt, therefore, is an approximation or general description of what is meant by a gift to a class, which we shall state thus: When there is a gift or grant to a number of persons, although one or all of them may be named, if the naming of them was intended merely as a matter of identification, and these persons are united or connected by some common tie, and it is clear that the donor was looking to the body as a whole or as a group, rather than to the members constituting the body as individuals, and that he intended that the group might fluctuate in numbers, so that, to preserve the group, if one or more of that body died during the period in question, the survivors should take the gift between them, either in equal or in some other naturally related portions, the gift is to be construed as one given to them as a class. 28 R. C. L. p. 260, et seq.; Thompson on Construction of Wills, §§ 200-211; 1 Jarman on Wills (6th Ed.) pp. 262, 336, 433; 2 Page on Wills, (2d Ed.) § 918, et seq.; 40 Cyc. p. 1473."

 But the mere fact that there may be some characteristic in common among named legatees, is not ordinarily a gift to a class. Byrd v. Wallis et al., 182 Miss. 499, 181 So. 727; Cross v. O'Cavanagh, 198 Miss. 137, 21 So. (2d) 473.

The rule that ordinarily a lapsed specific legacy does not become intestate property but goes into a residuum and residuary legatees take it does not apply here. All parties agree that we are dealing with a lapsed legacy, not saved by Section 660, Code 1942. It has been held that where residuary clause designated by name seven legatees having no common attribute other than that of being legatees and, without any words of survivorship, provided that each such legatee should take an equal undivided one-seventh share, testator did not create a "class gift" but the lapsed and revoked shares of residue instead of passing to remaining residuary legatees, passed as intestate property. Cattell v. Evans, 301 Mich. 708, N. W. (2d) 67, 68, 69.

Also 28 A. L. R. at page 1237 contains the following note: "With the exception of the cases in Indiana and the reported case (Corbett v. Skaggs, ante [111 Kan. 380, 207 P. 819, 28 A. L. R.] 1230), it has very generally been held, in the absence of statute, that the lapsed portion of a residuary devise or legacy does not inure to the benefit of the other residuary devisees or legatees, under a residuary devise or bequest to several persons, nominatim, or in common, and not as a class, unless the intention of the testator to that effect clearly appears (28 R. C. L. 334) ; but such lapsed portion of the residuary estate is removed from the operation of the residuary clause and becomes intestate estate, passing to the heirs or distributees." Corbett v. Skaggs is a Kansas case, 111 Kan. 380, 207 P. 819, 28 A. L. R. 1230.

This general rule of construction set forth above is followed by most jurisdictions, as stated, and the rule in this jurisdiction is in harmony therewith. Byrd v. Wallis, 182 Miss. 499, 181 So. 727. Indeed, so far as we have been able to determine, the only contrary views are held in Indiana and Kansas.

Appellants, however, argue that a lapsed devise or bequest does not descend to an heir at law as property undisposed of by will but passes into the residuum, citing

Hamberlin et al. v. Terry, Ex'r, Smedes & M. Ch. 589; Morris v. Henderson, 37 Miss. 492; Barton v. King, 41 Miss. 288; and 69 C. J., Sec. 2310, p. 1072, and 28 R. C. L. Sec. 334. There is an exception to the rule announced in the authorities, which is applicable here, as follows: ██ ██ "To the rule that a general residuary clause will carry lapsed or ineffectual bequests or personal property, and also devises of real estate, there is the exception that lapsed or ineffectual legacies or devises of a portion of the residuary estate itself . . . do not inure to the benefit of the remaining residuary legatees or devisees, but the interest of the deceased becomes intestate estate, and as such passes to the next of kin or heirs at law of the testator." 28 R. C. L. Sec. 331.

As aptly stated in appellee's brief: "In other words, the rule relied on is applicable only to the specific devise which falls into the residuum and not to a lapsed portion of the residuum itself."

██ ██ The decree of the Chancellor, as we have stated, supra, in our opinion, is correct and we affirm it, with the further holding that, under the terms of the residuary clause itself, it is provided that the property therein described is subject to the "provision of Item 7 of this last will and testament."

Affirmed.