# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

# OCTOBER TERM, 1907.

---

MAGDALINE O'REILY *v.* JOHN D. LAUGHLIN ET AL.

[45 South., 19.]

WILLS. *Code* 1892, § 4499. *Widow. Election not to take under hus-band's will. Separate estate. Life insurance money.*

Where, under the laws of a benevolent society, a widow took the proceeds of insurance on her husband's life as his sole heir, the same was not a part of her separate estate "at the time of the death of the husband" within Code 1892, § 4499, providing for the distribution of a husband's estate in case his widow elects not to take under his will.

FROM the chancery court of Warren county.

HON. J. S. HICKS, Chancellor.

Mrs. O'Reily, appellant, was complainant in the court below; Laughlin, and another, executors of the will of John R. M. O'Reily, deceased, were defendants there. The object of the proceeding was to have complainant's share in the estate of her deceased husband determined, she having renounced his will and elected to take under the statute. From a decree unsatisfactory to her, complainant appealed to the supreme court.

92 Miss.—1.

The executors petitioned the chancery court to appoint commissioners to appraise the separate estate of O'Reily and place a value thereon, and to appraise and value the separate estate of his widow, as provided by Code 1892, § 4499, which is as follows:

"4499—*Where wife or husband has separate estate.*— In case the wife has a separate property at the time of the death of her husband, equal in value to what would be her lawful portion of her husband's real and personal estate, and he have made a will, she shall not be at liberty to signify her dissent to the will, or to renounce any provision or bequest therein in her favor, and elect to take her portion of his estate. But if her separate property be not equal in value to what would be the value of her portion of her husband's estate, then she may signify her dissent to the will, as in other cases provided by law, and claim to have the deficiency made up to her notwithstanding the will; and the court in which the will is probated may appoint three commissioners to ascertain by valuation of the estate what her lawful portion thereof would be worth, and the commissioners shall also value her own separate estate, and report their valuation to the court, whereupon the court shall make the proper order for allowing her to share in her husband's real and personal estate to make up the deficiency, after the following rule: If her separate property be equal in value to two-thirds of what she would be entitled to, she shall have one-third of her lawful portion of the land and one-third of what would be her distributive share of the personalty. If her separate property be worth half in value what she would be entitled to, then she shall be entitled to half her lawful portion of real estate and half of what would be her distributive share of the personalty. If her separate property be worth only one-third in value what she would be entitled to, then she shall be entitled to two-thirds of her lawful portion of real estate and two-thirds of what would be her distributive share in the personalty. But this section shall not preclude or prevent any married

woman from renouncing the provisions of her husband's will, and electing to take her lawful portion, if her separate property do not amount in value to one-fifth of what she would be entitled to. This section shall apply to a husband renouncing the will of his wife, and shall govern as to his right to share in her estate in such case."

The appraisers were appointed and reported to the court their valuation of both estates. Among the assets of the separate estate of Magdaline O'Reily they reported the proceeds of a certain policy of life insurance in the Catholic Knights of America, which was paid to her by order of the court in a decree rendered in her favor in a certain suit styled *"Catholic Knights of America* v. *Magdaline O'Reily,"* and that if the proceeds of this insurance policy be included in the separate estate of the widow her estate will be more than one-fifth of one-half of the estate of her deceased husband, and therefore must be deducted from her portion of his estate, but if not included in the valuation of her separate estate, her estate falls below one-fifth of one-half of the estate of her deceased husband.

The appellant made a motion to exclude from the valuation of her separate estate, the proceeds of this insurance policy, alleging that the policy was not taken out for the wife's benefit; that she had no vested right or interest, individually or otherwise, in said policy; that she was not the beneficiary named in the policy, but took only as heir at law of the deceased by reason of his failure to direct the payment of said policy to any one else who was entitled under the law of said order to become the beneficiary therein; that her interest in said policy was not acquired by her under any contract of insurance in the lifetime of her husband, but was acquired by her after his death by reason of the fact that no one else capable of taking under the laws of the Catholic Knights of America was mentioned as beneficiary in said certificate of insurance, and that said money would otherwise, by the law of said order, have reverted to the sinking fund of said order.

The court below held that this insurance policy was a part of her separate estate owned by her at the time of the death of her husband, and should be included in the valuation thereof. The contention of appellant was that the proceeds of this policy should have been excluded from the valuation of her separate estate, and she relied in support of her contention on the following provisions found in the constitution and laws of the Catholic Knights of America, to-wit:

Section 106. "No policy shall be written except to blood relatives, affianced wife or husband, or a person dependent upon the insured."

Section 165 provides, among other things, that "any assignment of a benefit certificate by a member or beneficiary shall be void."

Section 166 provides as follows: "In the event of the death of one or more of the beneficiaries selected by the member, before the decease of said member, if he shall make no further disposition thereof, upon his death such benefit shall be paid in full to the surviving beneficiary or beneficiaries, each sharing *pro rata,* as provided in the benefit certificate. In the event of the death of all beneficiaries selected by the member, before the decease of such member, if he shall make no other or further disposition thereof, the benefit shall be paid to the heirs of the deceased member; provided, that where the laws of the state hold that the heirs of one of the deceased beneficiaries are ntitled to their share of the benefit, payment shall be made in accordance with the said state laws; and if no person, or persons, shall be entitled to receive such benefit by the laws of this order, it shall revert to the sinking fund of the Catholic Knights of America."

*McKnight & McKnight,* for appellant.

Our contention is that this $2,000 should have been excluded from the valuation of the separate estate of Mrs. O'Reily, and, that the court erred in holding that said $2,000 was a part and

parcel of the separate estate of appellant owned by her at the time of the death of her husband and in ordering same to be included in the valuation of Mrs. O'Reily's separate estate, owned by her at the time of the death of her husband under the provisions of Code 1892, § 4499.

The policy under which this $2,000 was paid was not payable to Mrs. O'Reily individually, but was made payable to her for the use and benefit of her son John Robert Ludke under the former name of Ludke prior to her marriage to O'Reily. She had no vested individual interest in it at the time of the death of her husband, the only interest in her, by the face of the instrument, being in trust for her son John Robert Ludke.

In the suit of the *Catholic Knights of America* v. *Magdaline O'Reily,* the court decreed that the $2,000 should be paid to Mrs. O'Reily, this decree being based upon the laws of the Order of the Catholic Knights of America.

Appellant took under the policy as the only heir of her husband upon the failure of the beneficiaries named in the policy and upon the failure of John R. M. O'Reily to make further disposition of his said policy before his death. She took under the provisions of Section 166 of the constitution, etc. She took not as beneficiary under the policy, but as the heir of John R. M. O'Reily. If she took as heir then her interest did not accrue or vest until after the death of her husband, for the well settled reason that a man has no heir until he is dead.

Again, if she took under the proceeds of this policy as heir of O'Reily upon the failure of the beneficiaries named in the policy, then it was absolutely impossible for her to take it as the beneficiary under the policy so as to bring this case within the cases of *Osborn* v. *Sims,* 62 Miss., 429 and *Gordon* v. *James,* 86 Miss., 719.

In the case of *Osborn* v. *Sims,* 62 Miss., 429, in the statement of the case, as there reported, we find the following: "It was admitted by the defendant . . . that upon a policy of insurance on the testator's life, taken out in her" (the wife's)

"favor, she collected soon after his death from the Association or Order of the Knights of Honor $2,000."

In the case of *Gordon* v. *James,* 86 Miss., 739, 39 South., 18, in the opinion of the court we find the following: "It is admitted that the entire separate estate owned by the wife—which consisted exclusively of portions of the proceeds of certain insurance policies upon the life of her husband, taken out by him for her benefit and collected by her after his death, and therefore under the decision of this court in *Osborn* v. *Sims,* 62 Miss., 429, constituted a portion of her separate property, etc."

In both of these cases the policy was taken out by the husband upon his life for the benefit of his wife, so that the wife had a vested interest in the policy before the death of the husband. In the case at bar the wife had no vested interest until after the death of the husband.

In the instant case, Mrs. O'Reily took under the law of the Order as the heir at law of John R. M. O'Reily and not as the beneficiary in a policy taken out by her husband for her benefit.

If John R. M. O'Reily had left one hundred heirs at law each of them would indisputably be entitled to a one-hundredth part of this $2,000, just the same as Mrs. O'Reily is entitled to all of it as the sole heir at law. Therefore Mrs. O'Reily took as heir at law of John R. M. O'Reily. If Mrs. O'Reily took this money by inheritance from her husband it is ridiculous to say that it was a part of her separate property owned by her at the time of O'Reily's death.

*Bryson & Dabney,* for appellees.

The appellant in this case seeks to have certain life insurance money, collected by her from a policy on the life of her deceased husband, excluded from the valuation of her separate estate.

The commissioners appointed under Code 1892, § 4499 (Code 1906, § 5089), reported that the wife, Magdaline O'Reily (appellant herein), had a separate estate which they valued at

$2,100, and that she had collected from the Catholic Knights of America upon a policy of insurance on the life of her husband, John R. M. O'Reily, the sum of $2,000, and that if this sum be included as part of her separate estate it would exceed in value one-fifth of the part of her husband's estate to which she is entitled. The court below held that this life insurance was a part of the wife's separate estate and inasmuch as it exceeded in value one-fifth of her interest in her husband's estate it should be deducted therefrom, under the provisions of said Section 4499.

It is from this action of the court that the appeal is prosecuted. From the opinion of this court in the case of *Osborn v. Sims,* 62 Miss., 429, it would seem too clear for argument that the holding of the court below is correct. However, counsel seek to avoid this because of the fact that the wife's name does not appear in the body of the policy as the beneficiary. The beneficiary named in the policy died before the assured, John R. M. O'Reily, and under the by-laws of the order which were made part of the policy, the assured's lawful heirs became the beneficiary.

See Section 166, pages 83, 84, of the constitution of the Catholic Knights of America.

Counsel for appellant contends that by reason of this provision in the policy of insurance that appellant took as heir and not under the policy contract. It seems to us too plain for argument that this contention is wholly untenable. As soon as the heirs of the deceased became known the name of each was read into the policy and became a part of it the same as if originally set forth *eo nomine* therein.

If appellant had taken as heir she could have claimed only one-half of the proceeds because the decedent's will bequeathed and devised all of his property, both real and personal, to his executors. Appellant by renouncing the will became entitled to share in his estate as heir and to receive her lawful proportion of the same independently of the will. There being no chil-

dren her lawful proportion was an undivided one-half of the same, hence if she had taken as heir this was all she could have claimed, but in the suit between the parties she claimed the whole of the proceeds of the policy under the contract and the court decreed it to her. Having elected to stand on the contract and to claim all of the proceeds under it, to which she was undoubtedly entitled, she will not now be heard to say that she took as heir and not under the terms of the contract. She took the proceeds under the terms of the policy of insurance exactly the same as if her name has appeared in it as beneficiary. This brings the case squarely under the authority of *Osborn* v. *Sims,* above cited and of *Gordon* v. *James*, 86 Miss., 739, 39 South., 18.

Calhoon, J., delivered the opinion of the court.

Under the laws of the insuring order, but for the fact that Mrs. O'Reily was the heir of her deceased husband, the insurance money would have belonged to the order and been payable to nobody. She was sole heir. If there had been three heirs, each would have been entitled to one-third as heir and not otherwise. She, being sole heir, took all as heir, and not otherwise. It is as if the policy had been payable generally to the "heirs of John R. M. O'Reily" without naming them. No one is heir to the living. Her rights began then, after his death, and not by any vested right or contract. The money came by descent to her under the law and she could have claimed it only in the capacity of heir. The cases of *Osborn* v. *Sims,* 62 Miss., 429, and *Gordon* v. *James,* 86 Miss., 719, 39 South., 18, 1 L. R. A. (N. S.), 46, do not apply. They refer to beneficiaries named in the policies.

It follows that this insurance money was not a part of Mrs. O'Reily's separate estate "at the time of the death of her husband," under Code 1892, § 4499, which governs in this case.

*Reversed and remanded.*