KULLMAN *v.* DREYFUS' ESTATE.

(Division B.   April 21, 1947.)

[30 So. (2d) 81.   No. 36431.]

Kullman & Lang, of New Orleans, La., for appellant.

Engle, Laub, Adams & Forman, of Natchez, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

Sam Dreyfus died testate, and was not survived by wife or child or descendant of child. However, among his nieces was Flora Meyer, and in his last will and testament, after bequeathing to a Mrs. Eva Beekman Joo the sum of $3,000, he disposed of the rest of his estate as follows:

"The balance of my estate to be divided among following parties

"Tilly Kullman now living at Wissembourg, France

"Flora Meyer now living at Wissembourg, Alsace France

"Alex Mayer New York City, N. Y., living at the Hotel Marseilles

"Max Mayer New York City, N. Y., living at the Hotel Marseilles

"Norman Dreyfus residing in Waterproof Louisiana in Tensas Parish."

None of these parties were lineal descendants. Niece Flora Meyer died before the death of the testator, Sam Dreyfus, her uncle. Her son, Albert Mayer, was her sole surviving heir at law.

The will of Sam Dreyfus was duly admitted to probate and on the final account of the executor, the Chancellor decreed that "the evidence adduced showing that the said Albert Mayer (but whose name is sometimes spelled 'Meyer') is the son and sole and only heir at law of his Mother, who was the niece of the said Sam Dreyfus, deceased, and who was Flora Mayer (or Meyer) and who lived in Wissembourg, Bas-Rhin, France, and who is one of the five beneficiaries under the Will of the said Sam Dreyfus, deceased, and who was entitled to one-fifth of his estate; the evidence further showing that the said Sam Dreyfus made, published and declared his Last Will, now of probate, making same on September 4, 1940, and that said Sam Dreyfus, after making said Will, did not depart this life until December 12, 1941, at his fixed place of residence in said City of Natchez, Mississippi, and that after the making of said Will and before the death of the said Sam Dreyfus said niece and beneficiary thereunder, to-wit, Flora Mayer, departed this life; and the Court further decrees that the said Albert Meyer is a direct descendant of the said Flora Mayer and is not a collateral kinsman of the said Flora Mayer, and under the laws of the State of Mississippi and the facts adduced is entitled to take and have that part of the estate of the said Sam Dreyfus, deceased, which was willed to his said mother under said Will of the said Sam Dreyfus, deceased."

In so decreeing the Court was in error. Section 660, Code 1942, prescribing the rule as to lapsed legacies, directs that no legacy shall lapse, if to a descendant of the testator, who shall die during the lifetime of the testator, leaving a child or children, or descendants of

such child or children, who shall survive the testator. Here, Flora Mayer was not a descendant of Sam Dreyfus, nor was Albert Mayer, but they were his niece and great-nephew, respectively. Therefore, when Flora Mayer died before the testator, Sam Dreyfus, although she was survived by her son as her sole heir at law, and although her son was living when the testator, Sam Dreyfus, died, the legacy to her lapsed, and he was not entitled to inherit it through her, by virtue of the legacy to her in his great uncle's last will and testament, supra. Hathaway v. North, et al., 190 Miss. 697, 1 So. (2d) 490. See also Byrd v. Wallis et al., 182 Miss. 499, 181 So. 727, as to the proper distribution of the legacy to Flora Mayer, under the circumstances here.

The decree of the Chancery Court is therefore, reversed, and the cause remanded to be there dealt with as a lapsed legacy, and distributed accordingly.

Reversed and remanded.