OLIPHANT, et al. *v.* SKELTON

No. 40391 March 11, 1957 93 So. 2d 181

*Fant & Bush,* Holly Springs, for appellants.

*Smith & Hurdle,* Holly Springs, for appellee.

ARRINGTON, J.

The appellee, Harvey Junion Skelton, filed his bill of complaint in the Chancery Court of Benton County against the appellants, who were the heirs at law of Mrs. Donna M. Owens, to cancel their claim to certain land as a cloud upon his title. From an adverse decision, the appellants appeal.

This suit involves the construction of the will of Mrs. Donna M. Owens. The will is as follows:

"STATE OF MISSISSIPPI
"BENTON COUNTY.

"I, Donna M. Owens, make and declare this to be my last will and testament. I give, devise and bequeath my whole estate, and property, real and personal as follows:

"First: To my daughter Donna Owens and Lyda Owens, I give devise and bequeath share and share alike and for and during their natural lives with remainder over to their decendants the following described land, to-wit:

"Seventy three and one half (73-1/2) acres off of the South side of the South East quarter of Section three in Township, Three of Range One East, State of Mississippi. Said land being my homestead and all the land I own in said Benton County.

"Second: To my daughters Bonnie J. Allen, Janie Oliphant and Lena O. Moore and my Sons Robert M. Owens and Clarence M. Owens, I give and bequeath to each the sum of one dollar.

"Third: All the rest and residue of my estate real and personal and whatsoever situated or located I give devise and bequeath share and share, alike to my said daughter Donna Owens and Lyda Owens.

"Fourth: I appoint my said daughter Donna Owens and Lyda Owens, both of Benton County, Mississippi, executors of this my last will and testament and ask that they be permitted to act as such without giving bond or in any manner accounting to or with the Court for their management of my estate.

"In witness whereof in Benton County, Mississippi, having written all this last will and testament with my own hand now the 30th day of April, A. D. 1909. I sign the same with my full name.

"Donna M. Owens"

There is no dispute as to the facts. The testatrix died on October 5, 1929, and the will was duly admitted to probate; that Lyda Owens, on November 9, 1935, conveyed all of her interest in the land to her sister, Donna M. Owens, and later died; that in 1952, Donna M. Owens conveyed the land to the appellee Skelton; that no children were born to either Lyda or Donna M. Owens. The chancellor held that under the third paragraph of the will the reversion passed to the devisees under the residuary clause. The sole question to be determined by this Court is whether the fee passed to the heirs of the testatrix or to the devisees under the residuary clause.

The appellants rely upon the case of Morris v Henderson, 37 Miss. 492. In that case the will contained a residuary clause and the land involved was not specifically devised. It was held that the land passed to the

residuary devisees rather than the heirs. The Court rejected the argument that land not expressly disposed of passed to the heirs and not to the residuary devisees. In a dictum the Court quoted from an early New York case, stating that realty ineffectually disposed of, as distinguished from that not specifically devised, passes to the heir and not to the residuary devisee. But, of course, this statement was unnecessary to the decision and is dictum. Later Mississippi decisions have apparently refused to recognize any such distinction. See Clark v. Case, 207 Miss. 163, 42 So. 2d 109; Hathaway v. North, 190 Miss. 697, 1 So. 2d 490; 69 C. J., Sec. 2313, p. 1078, note 54(c). In the case of Ricks v. Merchants National Bank and Trust Company, 191 Miss. 323, 2 So. 2d 344, the Court held that a possibility of reverter owned by testatrix in land at the time of testatrix's death passed to the residuary devisee and not to the heirs.

"It is held that a residuary devise, in the ordinary terms, carries with it not only the property of the testator in which no interest is devised or bequeathed in other portions of the will, but also reversionary as well as contingent interests in property, which are not otherwise disposed of by him. A determinable fee, not being devised, will pass under a residuary clause, as will also a remainder after a life estate, or a remainder interest held by the testator. A possibility of reverter owned by the testator in land at the time of his death was held to pass to the residuary devisee of property remaining after payment of special legacies and debts. . ." Thompson on Wills, 3rd Ed., Section 256, citing the case of Ricks v. Merchants National Bank and Trust Company, supra.

To the same effect is Page on Wills, Lifetime Ed., Vol. 3, Section 990: "A residuary clause passes all of testator's property; and all of his interests in property, not otherwise disposed of effectively, and not excepted from the operation of such clause, pass." See Carter,

et al v. Lewis, et al, 364 Ill. 434, 4 N. E. 2d 853, 108 A. L. R. 458, annotation, page 466, as follows:

"Reversion held to pass under residuary clause:— With a comprehensive discussion of the exact status of the devise of the remainder, following a life estate in the testator's widow in a farm, to the legal heirs of his body, where the testator died some years prior to the death of the life tenant without such heirs, the court, in Carter v. Lewis (Ill.), (reported herewith) ante, 458, holds that the reversion in fee of the farm passed, under such circumstances, under the residuary clause of the testator's will in which his wife was made the sole beneficiary of the entire residue and remainder of his real estate wherever situated, to have and to hold the same, in fee simple, absolutely and forever. In coming to this conclusion, it is held that the devise of the remainder neither lapsed, nor was void, but that it perished upon the death of the testator without heirs of his body; that the remainder was contingent; that, since there was no one in esse to take it, a reversion was created by operation of law, which was capable of being granted by deed or devised by will, such action being taken either in the instrument creating the remainder or in a subsequent will; that it was presumed that the testator intended to include in a residuary clause everything not effectually devised or disposed of; and that such a clause was to be construed so as to prevent intestacy as to any part of the estate unless there was an apparent intention on the part of the testator that the property should be excluded from the will."

██ ██ We are of the opinion that under Sections 657 and 831 of the Mississippi Code of 1942, a residuary devise or bequest carries everything the testator has attempted but failed to dispose of, unless a contrary intention appears from the will. ██ ██ The primary purpose in the construction of wills is to ascertain the intention and purpose of the testator. Yeates v. Box, et al,

198 Miss. 602, 22 So. 2d 411; Landham, et al v. Howell, 210 Miss. 383, 49 So. 2d 701. "The fact that appellee was devised a life estate in the whole of the property does not militate against his inheriting that fraction of the remaining fee simple title which was not disposed of by the will." Williams, et al v. Gooch, 208 Miss. 223, 44 So. 2d 57.

 █ In the instant case, we are of the opinion that the manifest intent of the testatrix was to vest her two daughters, Lyda and Donna, with her entire estate to the exclusion of her other children. It follows that the reversion having vested in Donna, she had the power to convey the fee to the appellee. The decree of the chancellor is therefore affirmed.

Affirmed.

*McGehee, C, J,* and *Hall, Kyle* and *Gillespie,* JJ., concur.