616 So.2d 322 (1993)
In the Matter of the ESTATE OF Susan Sawyer MASON, Deceased.
J.F. Hans TOMSCHE
v.
Margaret Bosley FORT, American Society for the Prevention of Cruelty to Animals (ASPCA), Emma Rogillio, Adele Drummonds, Heirs of Cornelia Haas, and Estate of S.E. Dudley.
No. 90-CA-1070.
Supreme Court of Mississippi.
April 1, 1993.
*324 Robert Koestler, Vicksburg, for appellant.
Bobby D. Robinson, Vicksburg, David K. Udall, Mesa, AZ, J. Allen Derivaux, Jr., Teller Martin Chaney & Hassell, Vicksburg, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and BANKS, JJ.
*325 SULLIVAN, Justice, for the Court:
J.F. Hans Tomsche, executor of the estate of Susan Sawyer Mason, filed a complaint in the Chancery Court of Claiborne County in May, 1988, alleging that Mason's will was ambiguous and requesting an interpretation by the court. The chancellor found, inter alia, that the will was ambiguous and scheduled a hearing. Following the hearing, the chancellor entered a judgment interpreting the will. It is from these decrees that Tomsche appeals, citing the following as error:
1. Under Mississippi statutes, pretermitted spouses are entitled to fifty percent (50%) of decedent's estate where there are no children, the remaining fifty percent (50%) to be handled according to the will;
2. The lower court incorrectly ruled that the will had no residuary clause;
3. The lower court incorrectly applied the laws of Mississippi to both realty (immovables) and personal property (movables) when the laws of Florida should have been applied to personal property, thereby allowing Tomsche to receive all personal property;
4. The lapsed portion of the bequest to the ASPCA should not have been spread among those in the residuary clause, but to Tomsche, Mason's sole heir at law;
5. Other lapsed legacies and devises should have gone to Tomsche, Mason's sole heir at law; and
6. The first order of the lower court did not disburse one hundred percent (100%) of Mason's estate and the subsequent order of the court was arbitrarily made to arrive at a one hundred percent (100%) disbursement of the estate.
The ASPCA cross-appealed, assigning the following as error:
1. The lower court erred in ruling that Item Two of the will was ambiguous and that a hearing was needed to ascertain Mason's intent;
2. The lower court erred in ruling that the words "in care of" as used in Item Two of the will intended to create a life estate in Margaret Bosley Fort; and
3. The lower court erred in ruling that the value of the estate vested in J.F. Hans Tomsche by Susan Mason shall not be considered part of his separate estate under Mississippi law.

THE FACTS
The Circuit Court of Hillsborough County, Florida, entered an order in October, 1986, finding the following: Susan Sawyer Mason died testate on April 21, 1986, a resident of Hillsborough County, Florida. Ms. Mason left her surviving spouse, J.F. Hans Tomsche, as her sole heir. No children had been born to Mason. The couple had married on September 10, 1982; Mason executed her last will and testament on May 6, 1981, and said will was duly proved in the Circuit Court of Hillsborough County, Florida. No provision was made in the will for Tomsche, therefore he was a pretermitted spouse as contemplated by F.S. 732.301 and entitled to share in Mason's estate as though Mason had died intestate. This allowed Tomsche to inherit one hundred (100%) of Mason's estate, subject to debts, claims, and costs of administration.
The holographic will consists of five items. With the first item, Mason ordered payment of all debts and funeral expenses. The second item devised one-half (1/2) of the "rest, residue and remainder" of her estate to the ASPCA in care of Margaret Fort. The third item is a devise of one-fourth (1/4) of the "rest, residue and remainder" of Mason's estate to Margaret Fort, with instructions that she give Mason's niece, *326 Kathrine Sawyer, certain family heirlooms. The fourth item is a devise of one-eighth (1/8) of the "rest, residue and remainder" of Mason's estate to Emma Rogillio, Adele Drummonds, Cornelia Haas, Berteale Eavins and S.E. Dudley. Finally, with the fifth item Mason devised one-eighth (1/8) of the "rest, residue and remainder" of her estate to the persons who cared for her in the last days of her life, to be judged by the twelve persons selected by her executors.
As Mason owned both real and personal property located in the State of Mississippi, primarily in Claiborne County, the will was admitted to probate by the Chancery Court of Claiborne County, Mississippi. Tomsche, who was appointed administrator C.T.A., filed a complaint for interpretation of the will pursuant to the laws of Mississippi. The decision of the court provided that Miss. Code Ann. § 91-1-1 (1972) controlled and monies on deposit in the State of Mississippi would be subject to the laws of Mississippi. The court also found item two of the will, which attempted to give one-half (1/2) of the rest, residue and remainder of Mason's estate to the ASPCA, sufficiently ambiguous to require a hearing to ascertain the true intent of Mason.
Margaret Fort was the sole witness at the hearing on this matter. Fort was Mason's cousin who was to receive one-fourth (1/4) of Mason's estate and in whose care the devise to the ASPCA was made. Fort stated that Mason had visited her at her home in Arizona specifically to talk about the will. Fort recalled that this visit was in June, 1981, and that Mason told her she was to be executor of the estate. Mason said Fort was to have one quarter (1/4) of her estate and that the ASPCA was to get one-half (1/2) of her estate. Mason went on to tell Fort that she was concerned about them being old and poor, so she wanted Fort to have the income from the ASPCA funds as long as she (Fort) lived, and then the money would go to the ASPCA. Fort said she asked about Tomsche, who was not yet married to Mason, and Mason replied that she had already given him a motel.
Following Fort's testimony, the chancellor stated on the record that he found it was Mason's intent to create a life estate in Mrs. Fort, that the principal not be invaded but that Fort should be entitled to the interest or income produced from the money or real property, and that at the time of Fort's demise, the money should be delivered to the ASPCA.
In a subsequent judgment interpreting the will, the chancellor found, in pertinent part, as follows: At the time of Mason's death, Tomsche, her sole heir at law, had a separate estate in Florida valued at three thousand dollars ($3,000.00). Mason's estate consisted of bank accounts and certificates of deposit in Mississippi banks represented by passbooks and certificates located in Florida in Mason's possession at the time of her death, as well as real estate in the State of Mississippi. Item two of Mason's will created a life estate in Margaret Fort with the remainder interest to the ASPCA. The fourth item of the will left one-eighth (1/8) of Mason's estate to a group of her friends, one of whom (Berteale Eavins) predeceased Mason and two of whom died subsequent to Mason.
The chancellor went on to state the following conclusions of law: Tomsche, a pretermitted spouse under Mississippi law, is entitled to one-half (1/2) of Mason's estate, less the $3,000.00 value of his separate estate. The value of any estate he received as a result of Mason's death under Florida law did not reduce his share and was not to be considered his separate estate. The partial intestacy of the estate, due to Tomsche's status as a pretermitted spouse, was governed by Miss. Code Ann. § 91-1-1 (1972), whether personal property (bank accounts and certificates of deposit) or real estate was located in Mississippi. The law of Mississippi governed administration. The lapsed bequest to Berteale Eavins would descend among the survivors named in item four of the will. The interests of those persons listed in item four who died subsequent to Mason would descend according to their wills and if no will existed, to their heirs at law. The words "in care of" in item two of the will created a life estate in Margaret Fort, giving her use of *327 the income from the property during her lifetime and the principal remainder would pass directly to the ASPCA at Fort's death. The Mississippi mortmain statute [Section 270 of the Mississippi Constitution of 1890 and Miss. Code Ann. § 91-5-31 (1972)], as it existed at the time of Mason's death would apply and limit the bequest to the ASPCA to no more than one-third (1/3) of the estate, after the reduction of the estate by the pretermitted spouse's share. Item five was a lapsed bequest and became a portion of the residuary estate, but as the will had no residuary clause these assets would be distributed among Tomsche and the remaining devisees under the will in the proportions set forth in the will. Finally, the real and personal property would descend to the following persons in the percentages noted: Tomsche  53.22096%; Fort/ASPCA under item two  26.65846%; Fort under item three  13.37772%; persons in item four  6.73658%.

THE LAW

DIRECT APPEAL

I.

UNDER MISSISSIPPI STATUTES, PRETERMITTED SPOUSES ARE ENTITLED TO FIFTY PERCENT (50%) OF DECEDENT'S ESTATE WHERE THERE ARE NO CHILDREN, THE REMAINING FIFTY PERCENT (50%) TO BE HANDLED ACCORDING TO THE WILL.
Although set forth as an issue on appeal, not only did Tomsche fail to cite any authority in support of this statement, he did not address this statement at all in his brief. The failure to cite any authority in support of this assignment of error precludes us from considering this claim on appeal. R.C. Petroleum, Inc. v. Hernandez, 555 So.2d 1017, 1023 (Miss. 1990); Kelly v. State, 553 So.2d 517, 521 (Miss. 1989), citing Brown v. State, 534 So.2d 1019, 1023 (Miss. 1988), cert. denied, 490 U.S. 1007, 109 S.Ct. 1643, 104 L.Ed.2d 158 (1989); Shive v. State, 507 So.2d 898 (Miss. 1987), and Pate v. State, 419 So.2d 1324 (Miss. 1982).

II.

THE LOWER COURT INCORRECTLY RULED THAT THE WILL HAD NO RESIDUARY CLAUSE.
Tomsche argued that the chancellor's determination that there was no residuary clause in the will adversely affects him as lapsed legacies and/or devises were divided among others "in the residuary estate." He further stated "[c]learly, items Second through Fifth of the Will constitutes [sic] the residuary clause of it." However, no supporting authority was cited. It follows that we need not address this issue.

III.

THE LOWER COURT INCORRECTLY APPLIED THE LAWS OF MISSISSIPPI TO BOTH REALTY (IMMOVABLES) AND PERSONAL PROPERTY (MOVABLES) WHEN THE LAWS OF FLORIDA SHOULD HAVE BEEN APPLIED TO PERSONAL PROPERTY, THEREBY ALLOWING TOMSCHE TO RECEIVE ALL PERSONAL PROPERTY.
As always, we must first consider our standard of review. Typically this Court will not disturb a chancellor's findings of fact unless the chancellor was manifestly wrong and not supported by substantial, credible evidence. Smith By Young v. Estate of King, 579 So.2d 1250, 1251 (Miss. 1991); Bell v. Parker, 563 So.2d 594, 596-597 (Miss. 1990). This rule does not apply to questions of law. When presented with a question of law, the manifest error/substantial evidence rule has no application and we conduct a de novo review. Cooper v. Crabb, 587 So.2d 236, 239 (Miss. 1991); Holliman v. Charles L. Cherry & Associates, 569 So.2d 1139, 1147 (Miss. 1990); Planters Bank & Trust Co. v. Sklar, 555 So.2d 1024, 1028 (Miss. 1990).
Notwithstanding our respect for and deference to the trial judge, on matters of law it is our job to get it right. That the trial judge may have come close is not good enough.
*328 Cooper, 587 So.2d at 239, quoting UHS-Qualicare, Inc. v. Gulf Coast Community Hospital, Inc., 525 So.2d 746, 754 (Miss. 1987).
Tomsche conceded in his brief that distribution of the real property located in Mississippi is properly governed by Mississippi law, but contended that distribution of the personal property of Mason's estate which was situated in the State of Mississippi should be controlled by the laws of Florida, entitling him to one hundred percent (100%) of the personalty contained in Mason's estate. The chancellor applied Miss. Code Ann. § 91-1-1 (1972) because Tomsche's status as a pretermitted spouse created a partial intestacy.
Tomsche's status as a pretermitted spouse indeed created a partial intestacy as the property located in Mississippi could not be disposed of pursuant to probate in Florida. Section 91-1-1 (1972) applies in cases of partial intestacy to subject property of a decedent to Mississippi law. Wilson v. Cox, 49 Miss. 538, 543-44 (1873). See also Estate of Wilson v. Nat'l Bk. of Commerce, 364 So.2d 1117, 1122-23 (Miss. 1978). Mason's will made no provision for Tomsche, therefore Tomsche has the right to share in Mason's estate as though she had made an unsatisfactory provision in her will as regards him. Miss. Code Ann. § 91-5-27 (1972). Formal renunciation of the will is not necessary, although the will shall be treated as though it had been renounced. Miss. Code Ann. § 91-5-27 (1972).
A pretermitted spouse is entitled to fifty percent (50%) of his deceased spouse's estate when there are no children or descendents of children. Miss. Code Ann. §§ 91-5-27 (1972) and 91-5-25 (Supp. 1992). A pretermitted spouse has this right although the domicile of his deceased spouse was in a foreign state. Bolton v. Barnett, 131 Miss. 802, 827, 95 So. 721, 725-26 (1923). Caveat: if the pretermitted spouse has a separate estate at the time of the death of his spouse, equal or greater in value to what his lawful portion of decedent's estate would be, he does not take. If his separate estate is valued at less than the portion of decedent's estate which he would receive, he is entitled to the portion of decedent's estate which, when added to his separate estate, is equal in value to one-half (1/2) of decedent's net estate. Miss. Code Ann. § 91-5-29 (1972); Banks v. Junk, 264 So.2d 387, 393-94 (Miss. 1972); Myers v. Laird, 230 Miss. 675, 683, 93 So.2d 828, 831 (1957). If the pretermitted spouse's separate estate is less than one-fifth (1/5) the value of his lawful portion of decedent's estate, he shall receive one-half (1/2) of decedent's net estate. Banks, 264 So.2d at 394.
Notwithstanding the fact that Mason was domiciled in Florida, Tomsche, as a pretermitted spouse, is entitled to the portion of Mason's estate which, when added to his separate estate, is equal in value to one-half (1/2) of Mason's net estate unless his separate estate at the time of Mason's death was equal or greater in value to the portion he would lawfully take or his separate estate at the time of Mason's death was less than one-fifth (1/5) the value of the portion he would lawfully take. The chancellor found that Tomsche's separate estate was valued at three thousand dollars ($3,000.00). The record does not reveal the value of Mason's estate and the chancellor merely concluded that Tomsche should receive one-half (1/2) of Mason's estate less the three thousand dollar ($3,000.00) value of his separate estate. This conclusion of the chancellor is correct provided Tomsche's separate estate does not meet or exceed the value of one-half of Mason's estate or is not less than one-fifth (1/5) the value of one-half of Mason's estate. Limited as we are by the insufficient record, we must remand for determination of the proper amount to which Tomsche is entitled pursuant to Miss. Code Ann. § 91-5-29 (1972).

IV.

THE LAPSED PORTION OF THE BEQUEST TO THE ASPCA SHOULD NOT HAVE BEEN SPREAD AMONG THOSE IN THE RESIDUARY CLAUSE, BUT TO TOMSCHE, MASON'S SOLE HEIR AT LAW.
Again, a de novo review is required for this issue, which Tomsche contends is an *329 error of law. The chancellor applied Miss. Code Ann. § 91-5-31 (1972) to the bequest to the ASPCA and concluded that the bequest to the ASPCA must be limited to one-third (1/3) of Mason's estate. The chancellor found that after reduction of the bequest to the ASPCA by the amount of Tomsche's share, the bequest to the ASPCA was less than one-third (1/3) of Mason's estate, bringing it within the confines of our mortmain statute. Tomsche argued that fifty percent (50%) of Mason's estate was left to the ASPCA, in contravention of our mortmain statute, and the surplus should pass to him (Tomsche) as Mason's sole heir at law.
At the time of Mason's death, Miss. Code Ann. § 91-5-31 (1972), allowed a charitable bequest of up to one-third (1/3) of the testator's estate if the will was executed at least ninety (90) days prior to testator's death. If a will was executed within the appropriate time frame, a gift in excess of one-third (1/3) of the testator's estate was not void, but was reduced to one-third (1/3) of the estate. Miss. School for Blind v. Armstrong, 216 Miss. 348, 357, 62 So.2d 369, 372 (1953). Mason's will was executed five years prior to her death. Depending upon the amount to which Tomsche is entitled, which will be determined on remand (see Issue III), the bequest to the ASPCA will be equal to one-third (1/3) or less the value of Mason's estate or will need to be reduced on remand to one-third (1/3) the value of Mason's estate. If the gift must be reduced, the lapsed portion of the bequest must be disposed of properly.
Lapsed personalty and realty go into the residuary clause of the will, if there is one, and if not, to the decedent's heirs at law. Tinnin v. First Bank of Miss., 502 So.2d 659, 665 (Miss. 1987), aff'd after remand 570 So.2d 1193 (Miss. 1990); Matter of Will of Palmer, 359 So.2d 752, 754 (Miss. 1978); Oliphant v. Skelton, 230 Miss. 518, 522-24, 93 So.2d 181, 182-83 (1957); Byrd v. Wallis, 182 Miss. 499, 515, 181 So. 727, 731 (1938). We agree with the chancellor's finding that the will at issue here has no residuary clause. It follows that the lapsed portion of the bequest to the ASPCA, if any, would go to Tomsche. As the record is insufficient for us to finally determine whether the bequest to the ASPCA is equal to one-third (1/3) or less the value of Mason's estate (after reduction by Tomsche's portion) or if it must be reduced in accord with the mortmain statute, this issue is remanded to the chancery court.

V.

OTHER LAPSED LEGACIES AND DEVISES SHOULD HAVE GONE TO TOMSCHE, MASON'S SOLE HEIR AT LAW.
We need not consider this claim on appeal because of Tomsche's failure to cite any authority. R.C. Petroleum, 555 So.2d at 1023; Kelly, 553 So.2d at 521. But the error apparent from the record compels us to address this issue and remand to the chancellor.
Tomsche first took issue with the chancellor's determination regarding item four of the will, which gave one-eighth (1/8) of Mason's estate to five named friends. The chancellor found that the lapsed portion to Berteale Eavins, who predeceased Mason, should be distributed among the four others named in the group. Tomsche asserted that he, as Mason's sole heir at law, should be entitled to take the lapsed gift to Berteale Eavins.
This Court will reverse a chancellor only when he is manifestly wrong. Hans v. Hans, 482 So.2d 1117, 1119 (Miss. 1986); Duane v. Saltaformaggio, 455 So.2d 753, 757 (Miss. 1984). We will not disturb findings of the chancellor unless he was manifestly wrong, clearly erroneous or an erroneous legal standard was applied. Tinnin v. First United Bank of Miss., 570 So.2d 1193, 1194 (Miss. 1990); Bell v. Parker, 563 So.2d 594, 596-97 (Miss. 1990). Where there is substantial evidence to support his findings, this Court is without the authority to disturb his conclusions, although we might have found otherwise as an original matter. In re Estate of Harris, 539 So.2d 1040, 1043 (Miss. 1989). Additionally, where the chancellor has made no specific findings, we will proceed on the assumption that he resolved all such fact issues in favor of the appellee. Newsom v. Newsom, 557 So.2d 511, 514 (Miss. 1990). The chancellor's decision must be upheld *330 unless it is found to be contrary to the weight of the evidence or if it is manifestly wrong. O.J. Stanton and Co., Inc. v. Mississippi State Highway Commission, 370 So.2d 909, 911 (Miss. 1979).
Had the gift been to only Berteale Eavins, and she predeceased Mason, the gift would have lapsed and gone to Tomsche as the sole heir at law, there being no residuary clause in the will. Tinnin, 502 So.2d at 665; Will of Palmer, 359 So.2d at 754; Oliphant, 230 Miss. at 522-24, 93 So.2d at 182-83; Byrd, 182 Miss. at 515, 181 So. at 731. Miss. Code Ann. § 91-5-7 (1972), our anti-lapse statute, would not apply as Eavins was not a child or descendent of Mason. Kullman v. Dreyfus Estate, 201 Miss. 887, 889-90, 30 So.2d 81, 81 (1947). As the chancellor found the four other named friends should take Eavins' share of the bequest, we must assume he found this to be a class gift.
Whether a gift is to a class or to the individuals who comprise the class at the time the will is executed is a construction question, the answer to which depends upon the intent of the testator. Cain v. Dunn, 241 So.2d 650, 651-52 (Miss. 1970). A gift is found to be a class gift where the beneficiaries form a unit and the gift is to that unit rather than to the separate individuals who compromise that unit. Moffett v. Howard, 392 So.2d 509, 510 (Miss. 1981). Of paramount importance here is whether the testator was group-minded or individual-minded. Id. Generally, a gift to a group whose members are not individually named is held to be a class gift. Lee v. Foley, 224 Miss. 684, 689, 80 So.2d 765, 766 (1955). There is a presumption that a gift to named individuals is a gift to the individuals, although the named individuals may constitute a natural class. Moffett, 392 So.2d at 510; Lee, 224 Miss. at 689, 80 So.2d at 766. This presumption is overcome if evidence of a different intent is found in the will or in surrounding circumstances. Cain, 241 So.2d at 652.
As we start with the presumption that the gift is to the named individuals rather than to a class, there must be evidence of a different intent to overcome this presumption. The chancellor found that although Mason did not state that the bequests in item four should be to the survivors among the class of friends named, she intended the same. This he found "from all four corners of the instrument," but we fail to see such evidence of intent. Lacking substantial evidence to support the chancellor's finding, we reverse him on this issue. The gift contained in item four was a gift to the named individuals rather than a class gift. As Berteale Eavins predeceased Mason, the gift to her lapsed and passes to Tomsche, Mason's sole heir at law, because there is no residuary clause.
Tomsche also attacked the chancellor's distribution of the bequest contained in item five, which attempted to give one-eighth (1/8) of Mason's estate to the persons who cared for her in the last days of her life, selected by the twelve persons chosen by her executors. The chancellor found this a lapsed gift and ordered distribution to Tomsche and the other devisees of the will, the latter to take in the proportions of the other gifts to them as set forth in the will. Once again, Tomsche contended he should receive the lapsed gift as Mason's sole heir at law.
As stated previously, lapsed gifts of realty and personalty pass to the residuary clause of the will or, if the will contains no such clause, to the heirs at law. Tinnin, 502 So.2d at 659; Will of Palmer, 359 So.2d at 754; Oliphant, 230 Miss. at 522-24, 93 So.2d at 182-83; Byrd, 182 Miss. at 515, 181 So. at 731. It follows that Tomsche should take the lapsed gift of item five. The chancellor was manifestly in error and we reverse.

*331 VI.

THE FIRST ORDER OF THE LOWER COURT DID NOT DISBURSE ONE HUNDRED PERCENT (100%) OF MASON'S ESTATE AND THE SUBSEQUENT ORDER OF THE COURT WAS ARBITRARILY MADE TO ARRIVE AT A ONE HUNDRED PERCENT (100%) DISBURSEMENT OF THE ESTATE.
In light of our disposition of the previous issues, this issue is moot and no further discussion is necessary.

CROSS-APPEAL

ASPCA

I.

THE LOWER COURT ERRED IN RULING THAT ITEM TWO OF THE WILL WAS AMBIGUOUS AND THAT A HEARING WAS NEEDED TO ASCERTAIN MASON'S INTENT.
"Unless the Chancellor's determination of fact is manifestly wrong, this Court will uphold his decision." Cheeks v. Herrington, 523 So.2d 1033, 1035 (Miss. 1988), citing Dillon v. Dillon, 498 So.2d 328, 329 (Miss. 1986); Dubois v. Dubois, 275 So.2d 100 (Miss. 1973). See also Jordon v. Warren, 602 So.2d 809, 812 (Miss. 1992). This Court does not sit to redetermine questions of fact. Johnson v. Black, 469 So.2d 88, 90 (Miss. 1985). When substantial evidence supports the findings of the chancellor we will not disturb his conclusions, notwithstanding that we might have found otherwise as an original matter. Jim Murphy & Associates, Inc. v. LeBleu, 511 So.2d 886, 894 (Miss. 1987), affirmed 557 So.2d 526 (Miss. 1990).
Mason's will was hand-written by her, apparently without the benefit of counsel. Item two of the will at issue attempted to give one-half (1/2) of Mason's estate to the ASPCA "in care of" Margaret Fort. Finding no ambiguity in this gift, we agree with the ASPCA that the chancellor erred in ordering a hearing on this matter.

II.

THE LOWER COURT ERRED IN RULING THAT THE WORDS "IN CARE OF" AS USED IN ITEM TWO OF THE WILL INTENDED TO CREATE A LIFE ESTATE IN MARGARET BOSLEY FORT.
"On appeal this Court will not reverse a Chancery Court's findings, be they of ultimate fact or of evidentiary fact, where there is substantial evidence supporting those findings." Cooper v. Crabb, 587 So.2d 236, 239 (Miss. 1991), citing Mullins v. Ratcliff, 515 So.2d 1183, 1189 (Miss. 1987); Norris v. Norris, 498 So.2d 809, 814 (Miss. 1986); Gilchrist Machinery Co., Inc. v. Ross, 493 So.2d 1288, 1292 (Miss. 1986).
The chancellor found that item two of Mason's will, which contains a bequest of one-half (1/2) of her estate to the ASPCA "in care of" Margaret Fort, created a life estate in Margaret Fort with the remainder interest to the ASPCA. Having found no ambiguity in this gift, we decline to consider the extrinsic evidence offered at the hearing on this matter. Item two of the will, as written, clearly makes a gift of one-half of Mason's estate to the ASPCA, unencumbered by a life estate in Margaret Fort. We reverse the chancellor's determination on this issue and, as previously discussed (Issue IV), the amount of this gift is to be determined on remand.

III.

THE LOWER COURT ERRED IN RULING THAT THE VALUE OF THE ESTATE VESTED IN J.F. HANS TOMSCHE BY SUSAN MASON SHALL NOT BE CONSIDERED PART OF HIS SEPARATE ESTATE UNDER MISSISSIPPI LAW.
This de novo review begins with a look at the case law of our state concerning valuation of separate estates pursuant to Miss. Code Ann. § 91-5-29 (1972), formerly Code 1942, § 670. Proceeds of an insurance policy wherein the spouse of decedent was the named beneficiary are included in the surviving spouse's separate estate. O'Reily v. Laughlin, 92 Miss. 1, 8, 45 So. 19, 21 (1907). Also included *332 in valuation of the surviving spouse's separate estate are joint accounts in the name of the decedent and the survivor. Carter v. Evans, 230 Miss. 803, 808, 94 So.2d 237, 238 (1957). A contractual right to receive payment, obtained prior to death by decedent for the specific benefit of his spouse, is included in the surviving spouse's separate estate. Osborn v. Sims, 62 Miss. 429, 429-33 (1884). When the surviving spouse receives proceeds from an insurance policy by virtue of his status as the decedent's heir at law, rather than as named beneficiary, the proceeds are not included in the valuation of his separate estate. O'Reily, 92 Miss. at 8, 45 So. at 21.
The determination of whether funds are included in the surviving spouse's separate estate turns on whether his rights began after the death of decedent or whether his rights were vested by contract before decedent's death. As in O'Reily, Tomsche's right to Mason's Florida estate began after the death of Mason; he could claim it only in the capacity of heir. Tomsche clearly had no right to Mason's Florida estate until after her death as he was not even a named beneficiary in her will, which could nonetheless have been changed at any time until her death. The chancellor was correct in finding that Tomsche's separate estate at the time of Mason's death did not include the Florida estate he inherited after Mason's death. We affirm.

CONCLUSION
Because Tomsche failed to cite any authority in support of his first two assignments of error, we decline to address them on appeal. Regarding the third issue presented by Tomsche, the chancellor correctly applied Mississippi law to Mason's realty and personal property which was located in this State. Tomsche, as a pretermitted spouse, is entitled to up to one-half (1/2) of Mason's net estate, depending upon the value of his separate estate. The amount to which Tomsche is entitled is to be determined on remand pursuant to Miss. Code Ann. § 91-5-29 (1972).
The bequest to the ASPCA is valid only to the extent that the amount does not exceed one-third (1/3) the value of Mason's estate. If, after Mason's estate is reduced by Tomsche's pretermitted spousal portion, the bequest to the ASPCA exceeds one-third the value of Mason's estate, it must be reduced. Any portion of this bequest which lapses as a result of a reduction will go to Tomsche, Mason's sole heir at law, as Mason's will contains no residuary clause.
Item four of Mason's will created a gift to the named individuals rather than a class gift. The gift to Berteale Eavins, who predeceased Mason, lapsed and passes to Tomsche as Mason's sole heir at law. The lapsed bequest of one-eighth (1/8) of Mason's estate, contained in item five of the will, also passes to Tomsche.
Our disposition of the previous issues moots Tomsche's sixth assignment of error.
We agree with the ASPCA that item two of Mason's will was unambiguous and the chancellor erred in ordering a hearing to ascertain Mason's intent on the matter. We reverse the chancellor's determination that the words "in care of" as used in item two of the will created a life estate in Margaret Fort and hold that the gift of one-half (1/2) of Mason's estate to the ASPCA is unencumbered by a life estate in Margaret Fort. However, this gift is valid only to the extent that it does not exceed one-third (1/3) the value of Mason's estate.
Finally, we affirm the chancellor's finding that Tomsche's separate estate at the time of Mason's death did not include any portion of the Florida estate he inherited after Mason's death.
ON DIRECT APPEAL: AFFIRMED REGARDING APPLICATION OF MISSISSIPPI LAW TO REALTY AND PERSONALTY LOCATED IN MISSISSIPPI; REVERSED *333 AS TO THE DISPOSITION OF THE LAPSED GIFTS TO BERTEALE EAVINS AND TO UN-NAMED PERSONS IN ITEM FIVE OF THE WILL; REMANDED FOR A PROPER DETERMINATION OF THE PORTION OF MASON'S ESTATE TO WHICH TOMSCHE IS ENTITLED AS A PRETERMITTED SPOUSE AND FOR DETERMINATION OF THE AMOUNT TO WHICH THE ASPCA IS ENTITLED, NOT TO BE INCONSISTENT WITH THIS OPINION.
ON CROSS-APPEAL OF ASPCA: AFFIRMED IN PART AND REVERSED IN PART.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and PITTMAN, BANKS, McRAE, ROBERTS and SMITH, JJ., concur.